## THE PEOPLE *v.* CONNOR.

AN indictment in San Francisco, entitled " The Court of Sessions of the city and county of San Francisco," is properly entitled.

An indictment for larceny, in one count charging the goods stolen to be the property of G. and B., and in another count stating the owner to be F., and in another count T., is good. This is not charging different offenses, but the same offense in different forms—a practice at common law and not changed by our statute.

Where an indictment for larceny sets out several offenses by charging the stealing of several distinct parcels of goods alleged to belong to different owners, the defect must be taken advantage of by demurrer.

The proceedings of Courts of Sesssions are presumed to be regular and legal until the contrary be shown.

Where the Court below gave the jury written instructions in a criminal case, the failure to file such instructions is not error, on appeal by defendant, sufficient to reverse the judgment, unless more appears than the mere fact that the record on appeal shows that the Court gave written instructions and the record does not contain them.

The instructions may be lost or misplaced. The Clerk may have failed to preserve or file them, or they might have been abstracted. Any paper in the record may, at the time of making up the transcript, be out of the files, but this is no ground of reversal. The presumption is that the Court acted regularly—that instructions given are proper—and it must be affirmatively shown that error has been committed.

APPEAL from the Court of Sessions of the city and county of San Francisco.

Indictment for larceny, the title being as follows:

" STATE OF CALIFORNIA : In the Court of Sessions of the city and county of San Francisco. August term, A. D. one thousand eight hundred and fifty-nine.

" THE PEOPLE OF THE STATE OF CALIFORNIA ⎫
                    *vs.* .                ⎬
  JAMES MULHARE AND JOHN CONNOR.   ⎭

" James Mulhare and John Connnor are accused by the Grand Jury of the city and county of San Francisco, State of California, by this indictment, found this eleventh day of August, A. D. 1859, of the crime of grand larceny committed as follows : The said James Mulhare and John Connor on the first day of August, A. D. 1859, at the said city and county, State aforesaid, four hundred and fifty-four and one-quarter ounces of gold dust of the value of $7,265, of lawful money of the United States, and four buckskin bags of the value of one dollar, of the personal property, goods, chattels and effects of Ridgely Greathouse and George S. Great-house, then partners doing business in Yreka, in the county of Siskiyou, State aforesaid, under the firm name and style of Greathouse & Brother ; and one hundred and fifty-seven and one-quarter ounces of gold dust of the value of $2,800 ; three buckskin bags of the value of one dollar, of the personal property, goods, chattels and effects of Thomas S. Fiske, doing business in the city and county of Sacramento, under the name of Thomas S. Fiske & Co. ; and one leather bag of the value of seven dollars, lawful money of the United States, of the personal property, goods, chattels and effects of Minthorne M. Tompkins, then and there to wit : at the city and county of San Francisco, being found, feloniously and unlawfully did steal, take and carry away, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California.

" And in order to set forth the commission of said crime of grand larceny by said James Mulhare and John Connor in different forms and under different counts, the said James Mulhare and John Connor are further accused," etc.   Then follows a charging of the offense as in the above first count, excepting that the property is all alleged to belong to Minthorne M. Tompkins.   Then follows a third count in the same style as the second, excepting that the property is alleged to belong in gross to eleven persons named, but different from the alleged owners in the two preceding counts.

The title of the count at the arraignment, plea and trial is thus :

" In the Court of Sessions of the city and county of San Francisco.

" The People of the State of California *vs.* James Mulhare and John Connor.    } In open Court, April 12th, 1859.

Arraignment.

" This case being called, defendants attended by their counsel, etc.

Same *v.* Same.    } Tuesday, August 16th, 1859.

In open Court.

" Plea of not guilty.

" This case being called, defendants appear, etc.

" The Pepole of the State of California *v.* John Connor.    } In open Court, Aug. 31st, 1859.

Trial.

" The District Attorney now moves the trial of James Mulhare and John Connor," etc.

The record as to the challenge of two jurors, is thus : " J. H. Redington and William Sharron were challenged for actual bias, whereupon S. H. Dwinelle, C. M. Chamberlain and D. P. Belknap were apppointed triers, and being duly sworn and charged, they find the challenge as against J. H. Redington true, and as against William Sharron untrue."

Defendants severed in their trial, and Connor was found guilty on the first count of the indictment, nothing being said in the verdict about the other counts.    He appeals.

*A. M. Heslep*, for Appellant.

I.    The indictment in this case is entitled of a Court *de facto*, and not of a Court *de jure*, therefore all proceedings therein are void.

The Constitution of the State of California says : " The County Judge with two Justices of the Peace, to be designated by law, shall hold Courts of Session, with such criminal jurisdiction," etc. (Art. 6, sec. 8, Const.)

" There shall be in each of the counties of this State a Court denominated a Court of Sessions, with the jurisdiction conferred by this chapter."    (Art. 660, sec. 48, 152, Wood's Dig.)

It thus appears by the Constitution, that the County Judge, with two associates, shall hold Courts of Session, and the Legislature having established in each county of the State Courts denominated a " Court of Sessions," therefore the legal constitutional Court is the " Court of Sessions of the county of San Francisco."

" The indictment shall contain the title of the action, specifying the name of the Court to which the indictment is presented," etc. (Art. 1534, sec. 237, 288, Wood's Dig.)

The title of the Court by the statute is made a material element thereof, and if an unauthorized title is used, all proceedings are irregular.

II.   The indictment in this case is bad, for duplicity and uncertainty in the statement of the offense alleged therein.

In the statement of the larceny alleged in the first count of the indictment it charges firstly, a larceny of the personal goods and chattels of Greathouse & Brother, and describes the property ; secondly, in the same count it charges the larceny of the personal goods and chattels of Thos. S. Fiske ; and lastly, a larceny of the personal goods and chattels of Minthorne M. Tompkins.

Each statement descriptive of the property and ownership is separate and distinct, and independent of any other, and by the mode of statement, establishes therein separate and distinct larcenies in one count.

We may here remark that we consider but the first count, as it is the only one upon which a verdict was rendered and the judgment of the Court pronounced.

" The indictment shall charge but one offense, but it may set forth that offense in different forms under different counts."    (Art. 1537, sec. 241, 288, Wood's Dig.)

In the statement of the offense, three separate and distinct properties and owners are described, and not three separate parcels of properties, with joint ownership therein by the parties named in the indictment.   The proposition in this mode of statement results in showing three distinct larcenies.   Upon each one an indictment would lie, therefore the indictment is bad for duplicity, because, if indicted hereafter for a larceny of the goods of Greathouse & Brother, a plea of *autrefois convict* could not be successfully

pleaded, for the verdict of the jury does not show whether it was founded upon proof of the larceny of the goods of Greathouse & Brother, Thos. S. Fiske or Minthorne Tompkins. Proof of a larceny in either case is not sufficient to ground a conviction of larceny of the remaining described properties and owners, therefore in addition to the plea of *autrefois convict,* to avoid a subsequent indictment of the larceny of the property of Greathouse & Brother, proof *aliunde* the plea would be necessary.

III.   The arraignment is a nullity upon its face, for it does not appear to have been in a legally constituted Court.

The record does not show a sitting of the Court of Sessions was duly and legally holden, at the time of the arraignment.

The term Court is generic, therefore the name of the Court should appear, and the names of the Judges present, to enable us to conclude whether it had a legal existence, and as a consequence the right to do the act set forth as done in " open Court." These are affirmative elements, and must be set forth in the indictment to show a legal existence of the Court, so as to secure to the appellant all his rights, as well as to protect him against the exercise of unauthorized power. If the presiding Judge and one Associate Justice occupied the Bench, they did not constitute a Court, and how can the Supreme Court decide whether the proceedings had in " open Court," on the arraignment of the appellant, was a legally constituted Court ?

IV.   The plea to the indictment and trial of the cause was not had in a Court legally constituted and organized at the respective times of pleading and trial.

The objections under this point are the same as under the preceding.

V.   The Court erred in submitting the competency of two jurors, challenged for actual bias, to triers at the same time.

" The triers must thereupon find the challenge either true or not, and their decision is final. (Art. 1621, sec. 358, 297, Wood's Crim. Prac.)

" The challenges of either party need not be taken at once, but they must be taken separately in the following order,". etc.

" To an individual juror for actual bias." (Sec. 360, 297, Id.)

The error here urged is vital, for by the double issue submitted

People *v.* Connor.

to the triers, their judgments were embarrassed and defendant was injured, by the issue found against him, in denying his challenge of one of said jurors.

The Court below erred in failing to file its written charge to the jury, it appearing from the record and proceedings that the jury were charged in writing by the Court, and the same is not on file.    As this Court will reverse for error in the instructions of the Court below to the jury, even though not excepted to, (*People* v. *Levison*, 16 Cal. 98) the instructions should be made a part of the record.

*Thos. H. Williams, Attorney General,* for Respondent.

I.    The statute (Wood's Dig. 2d ed. 289, art. 1541) declares that the indictment shall be sufficient, if it can be understood therefrom " that it is entitled in a Court having authority to receive it ; though the name of the Court be not accurately set forth."

Article 1542 declares that defects in matters of form, which do not tend to prejudice the defendant, shall be disregarded.

The Consolidation Act of San Francisco of 1856 united the two governments into one, under the corporate name of " City and County of San Francisco ;" and although the " county " for some purposes still exists, the usual practice is in all legal matters to use the new corporate name.

The jurisdictional limits of the city and county are now the same, and all Courts held in or for one are held equally in or for the other.    The officers, County Judge and Justices of the Peace, who preside in the Court of Sessions, as well as the ministerial officers in attendance upon the Court, are all selected as officers of the " city and county."    (Section 6 of the Consolidation Act, 147, Stat. 1856.)

There can therefore be no difficulty in ascertaining from this indictment that it is entitled in a Court authorized to receive it.

II.    The indictment sets forth but one offense.    The offense is set forth in different forms, and in different counts ; but this is warranted by the Criminal Practice Act.    (Wood's Dig. 288, art. 1537.)

The gist of larceny is the felonious stealing of the property of

People *v.* Connor.

another.   The felonious taking constitutes the larceny ; and the thief may be prosecuted to conviction, although the name of the injured party may not be known.   Hence the only necessity for giving the name of the owner is as matter of description.   If then, in describing the offense and for that purpose, one name is given in one count and another in a second count, in connection with the ownership of the property stolen, and it appears from the whole statement that the same act is complained of in each count, the indictment is not defective.   In the course of criminal practice nice distinctions often may arise as to the ownership of property, to avoid which it is usual to plead in the manner adopted by the District Attorney in this case.

A conclusive answer however to this objection is, that it could only have been taken by demurrer ; and not having been so taken, it is deemed waived.   (Wood's Dig. 292, 293, art. 1574, 1581.)

III.   As to appellants' third and fourth points, all presumptions are in favor of the regularity of the proceedings of the Court.

The law does not require the facts to be set forth in the record, the absence of which are complained of.   And if it did, the failure of the Clerk to make the entry would not be cause of reversal.   If it was, no judgment of the lower Courts would ever be sustained. The defendant being appellant, must affirmatively show error committed in the Court below, and not a mere failure of the Clerk to discharge his duties.   He must show that the Court failed to do some act or thing which the law enjoined, or did something which it forbids.

IV.   The answer to appellant's fifth point is, that it has no foundation in fact.   The record does not show that the competency of two jurors was tried and decided at the same time.   And if it did so show, such a course would not be error.

V.   Appellant's sixth point is answered under the third and fourth assignments, to which may be added that the record need not show the filing of the instructions—the entry must appear upon the paper.   The presumption is that the instructions are now on file, and if the defendant's counsel, who must have directed that which he desired to constitute the record, failed to have them as a part of the transcript, it is his fault.   If he wants them, he can get them by certiorari or mandamus, as the case may be.

People *v.* Connor.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Defendant, appellant here, was convicted of the crime of larceny. in the Court of Sessions of San Francisco county, and now appeals from the judgment. Several errors are assigned:

1. That the Court is not properly entitled, it being styled the Court of Sessions of the city and county of San Francisco. This point was decided adversely to the appellant in the case of the *People* v. *Beatty.*

2. That the indictment is defective in this : In one count charging the goods stolen to be the property of certain persons, and in the other counts stating the owners to be different persons. This is not charging different offenses, but charging the same offense in different forms. The offense is the larceny of this property. The description or averment of ownership is but a mode, or a portion of the mode of describing the offense. The practice of different counts varying the statements of the first in this respect prevailed at common law, and has not been changed by our statute. On the contrary, it is recognized by the Criminal Practice Act (Wood's Dig. 288).

But the main objection is, that the indictment in the first count sets out several offenses ; that it charges the stealing of several distinct parcels of goods alleged to be the property of different persons. Upon this count the defendant was convicted. No demurrer was taken to the indictment for this cause, but the defendant pleaded and went to trial. By section two hundred and eighty-nine, (Wood's Dig. 292) it is provided " that the defendant may demur to the indictment when it shall appear upon the face thereof. * * 3. That more than one offense has been charged in the indictment ; " and by section two hundred and ninety-seven, when the objections mentioned in section two hundred and eighty-nine appear upon the face of the indictment, they can only be taken advantage of by demurrer, with an exception not material to be here noticed.

We think the other points—as to the arraignment and the submitting the competency of two jurors together to the trier—snot sustained by the record. The proceedings of the Court are presumed

24

to be regular and legal, until the contrary is shown ; and there is no showing of irregularity in the respects excepted to.

Judgment affirmed.

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We deny the petition for a rehearing. Although we did not consider it necessary to go into an elaborate opinion in this cause, and the others dependent upon the same or similar principles, we gave a full consideration of every point made by the appellants. In reference to the point that the record did not show that the instructions were filed or made part of the record, we disposed of that matter by simply stating the proposition that the failure to file the instructions is not an error for which we could reverse the judgment, unless, indeed, something else appeared than the mere fact that the record showed that the Court gave written instructions to the jury, and the transcript omitted the instructions. The instructions may have been in writing, and been lost or misplaced. The Clerk may have omitted to discharge his duty in preserving or in filing them, or they might possibly be abstracted. So any other paper in the record may, at the time of making the transcript, be out of the files, but this is no ground for the reversal of the judgment. The presumption is that the Court has acted regularly— that the instructions given are proper—and it must be affirmatively shown that error has been committed. This is not shown by the mere fact that the Court gave written instructions, and those instructions were not, at the time of making up the transcript, among the papers.

The question upon the sufficiency of the indictment was maturely considered, and after an attentive examination of the argument of the appellant, we adhere to the opinion before expressed.