## THE PEOPLE v. A. RICHMOND.

ACTING UNDER CONTROL OF ANOTHER DOES NOT EXCUSE A LARCENY.—On a trial for larceny, it is not competent for the defendant to prove that he was under twenty-one years of age, for the purpose of showing that in committing the offense he was acting under the control of another.

SAME.—The command of a master to his servant, or principal to his agent, or parent to a child, will not justify a criminal act done in pursuance of it.

ERROR MUST BE CLEARLY SHOWN.—The record must clearly show error, and not leave it to be inferred from argument as to what the language of the record means.

APPEAL from the County Court, El Dorado County.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*George E. Williams*, for Appellant.

*J. G. McCullough, Attorney-General*, for the People.

By the Court, SANDERSON, J.

The defendant was convicted of grand larceny.

At the trial one of the defendant's witnesses was questioned by his counsel as to the age of the defendant at the time the alleged offense was committed. Thereupon the Court asked counsel " if the object of the question was to prove that the defendant was under age." Counsel replied " that his object was to show that defendant was to a certain extent under the control of his mother, and was acting under her direction, being under age." The District Attorney then objected to the question, which objection was sustained by the Court. It is claimed that the foregoing ruling was erroneous.

We understand the Court as asking counsel if his object was to prove the defendant under the age of fourteen years; and counsel as replying that his object was to show that the

defendant was to a certain extent under the control of his mother, and was acting under her direction, being under the age of twenty-one years. Such is the only conclusion that can be drawn from the language of the record. If the object of counsel was to prove that the defendant was under the age of fourteen, he should have so stated in terms not to be misapprehended. The record must affirmatively and clearly show error, and not leave it to be inferred from argument as to what the language of the record means. (*People* v. *Connor*, 17 Cal. 362.)

Had the object been to prove the defendant under the age of fourteen, the question would have been proper (section four of the Act concerning Crimes and Punishments,) but it was not competent to prove his age for the purpose stated. "The command of a superior to an inferior, as of a military officer to a subordinate, or of a parent to a child, will not justify a criminal act done in pursuance of it; nor will the command of a master to his servant, or of a principal to his agent; but in all these cases the person doing the wrongful thing is guilty the same as though he had proceeded self-moved." (1 Bishop on Criminal Law, 275.)

Judgment affirmed.

Mr. Chief Justice CURREY expressed no opinion.