# Cagle *v.* The State.

*Indictment for Selling Liquor to Minor.*

1. *Illegal sale of liquor by infant, or agent.*—An unmarried girl, seventeen years old, living with her mother, may be convicted of selling liquor to a minor, on proof that she poured out and delivered the liquor under the order or instructions of her mother, to whom it belonged, and to whom the money was paid by the purchaser.

FROM the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case was found in April, 1889, and charged that Rachel Cagle and Sis Cagle, who was her daughter, "did sell or give spirituous liquors to Jep Elkins, a minor." Sis Cagle being on trial alone, as the bill of exception states, "Jep Elkins testified, on the part of the State, that he was a minor, fifteen years old; that he got ten cents worth of whiskey from a woman named Rachel; that Sis Cagle measured it out to him, and put it in a bottle for him; that she put the whiskey in the bottle, and set it on the table, and witness took it and left the house; that he paid the money to Rachel, and said nothing to Sis Cagle about either the purchase or the price; that Rachel was in the bed at the time; that he got the liquor, and went away, but Sis Cagle never sold nor gave it to him. The defendant then testified in her own behalf, that she was about seventeen years old at the time mentioned by said Elkins, lived with her mother, said Rachel, and was under her control; that she simply poured out the whiskey according to her mother's instructions, and had no interest in it, nor in the sale thereof; and that she never at any time sold or gave away whiskey to said Elkins. This being substantially all the evidence, the court charged the jury, on the written request of the solicitor, that they must find the defendant guilty, if they believed the evidence;" and refused to instruct them, as requested in writing by the defendant, that they should find him not guilty, if they believed all the evidence. To the charge given, and to the refusal of the charge asked, the defendant duly excepted.

[Johnson v. The State.]

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The bill of exceptions shows that the defendant was present, and aided and abetted in the sale of spirituous liquor to a minor. The fact that she did not own the whiskey, and received nothing for it, constituted no defense.—*State v. Hill*, 62 Ala. 168. Nor is she any the less guilty, because what she did in measuring and delivering the liquor to the minor was done at the request or command of her mother, to whom it belonged, and who received the price of it.—1 Bish. Cr. Law, §§ 355, 367; *People v. Richmond*, 29 Cal. 414. There was no error in giving the general charge at the instance of the State, nor in refusing the charge asked by the defendant.

Affirmed.