## COMMONWEALTH *vs.* WILLIAM CUTLER.

Plymouth. October 21, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Chattel Mortgage — Delivery — Sale of Property — Fraudulent Intent.*

If, by an arrangement between the parties to a mortgage of personal property, the mortgagor is to leave it with the town clerk for record, and to direct him thereafter to forward it to the mortgagee, the acceptance thereof by the clerk for transmission as well as for registration will complete the delivery to the mortgagee.

The offence of selling mortgaged personal property without informing the purchaser of the existence of the mortgage, and without the written consent of the mortgagee, is complete without proof of a fraudulent intent other than that to be inferred from the mortgagor's knowingly doing the prohibited act.

INDICTMENT on the Pub. Sts. c. 203, § 70, for selling personal property mortgaged by the defendant to one Burrill. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows.

On the issue whether there had ever been a delivery by the defendant of the mortgage referred to in the indictment to the mortgagee named therein, the evidence tended to show that there was an agreement or understanding between the defendant and Burrill that the mortgage was to be executed by the defendant and taken or sent by him to the town clerk's office of the town where he resided for record, and sent to Burrill afterwards; that the defendant executed the mortgage and took it to the town clerk's office, and in the absence of the clerk handed the mortgage to one Litchfield, with instructions to hand it to the clerk for record, and then for the clerk to send it to Burrill. Burrill testified that he never had the mortgage or the mortgage note in his possession; that on two or three different occasions sub-

sequent to the date and recording of the mortgage, he called at the house of the defendant and informed him that he had not received the mortgage, and requested the defendant to get it and send it to him, which the defendant promised to do, but did not do. It also appeared in evidence, that, after the mortgage had lain in the office of said town clerk some four months or more after its record, the defendant paid the fee for such recording, took the mortgage into his own possession, and refused to deliver the same to Burrill.

The defendant testified that his instructions to Litchfield were to hand the mortgage to the town clerk for record, and to have it remain in the registry until he, the defendant, called or sent for it, and that he took it from the registry in good faith, and because he supposed it had never been delivered to Burrill; and there was no evidence that Burrill, in any way or form, communicated with either Litchfield or the town clerk in relation to holding the mortgage for him or sending it to him.

The judge refused to rule, as requested by the defendant, that there had never been a delivery by the defendant of the mortgage to the mortgagee, but left it to the jury to determine the question of fact, under instructions as to the law as stated in the case of *Hawkes* v. *Pike*, 105 Mass. 560.

The defendant also requested the judge to rule that the government must show that the defendant, in making the sale as alleged, did so with the intent to injure or defraud some party; but the judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day & T. C. Day*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. It was disputed whether the defendant had left the mortgage at the town clerk's office merely for registration, or with instructions through one Litchfield that the clerk should record it and then send it to Burrill, the mortgagee, in accordance with an agreement previously made with Burrill. This question of fact was left to the jury to be decided, with instructions as to the law as stated in *Hawkes* v. *Pike*, 105 Mass. 560. In that case there was no evidence of any act having been

done by the grantor except that of handing the deed to the register for registration, with the intent thereafter of taking it himself from the register and sending it to the grantee. The mode of stating the instructions adopted in the bill of exceptions by a general reference to a decided case is not very convenient for reconsidering them, but they were doubtless adapted to the case at bar, where the intent of the delivery to the clerk and the directions given therewith were controverted. It is, however, distinctly held in that case that no definite or specific formality is required by law for a delivery, but that "it must be the concurrent act of two parties," and, further, that "it must appear that the grantor parts with the control and possession of the instrument with the intention that it shall operate immediately as a transfer of title, and that it passes into the hands or is placed at the disposal of the grantee, or of some other person in his behalf." It must be inferred that upon this instruction the jury have found that the deed was handed to the clerk, not merely for record, but as a delivery to the mortgagee, in accordance with the previous arrangement, and accepted by the clerk as such. While there was no evidence that Burrill communicated with either Litchfield or the town clerk in relation to holding or sending to him said mortgage after it was in their possession, yet the previous arrangement of the parties, and the acceptance of it by the town clerk for transmission as well as for registration, would complete the delivery to Burrill.

The defendant requested the court to rule that the government must show that the defendant, in making the sale as alleged, did so with the intent to injure or defraud some party. This request presents two questions; first, what is the true construction of the statute; secondly, what interpretation shall be put upon the request itself. We are of opinion that the rule which has been applied on grounds of public policy to certain statutes, like those forbidding the sale of adulterated milk or of intoxicating liquor, which holds that the law makes a particular act punishable, and puts upon the actor the duty of knowing at his peril the nature of his act, should not be held applicable to the statute before us; and that the defendant was liable if he knowingly and intentionally did the prohibited act, but that he would not have been liable if he had supposed that the mortgagee had given his

written consent to the sale, and if by mistake he believed that what he was doing was not the forbidden act mentioned in the statute. The law punishes the act when done knowingly ; and the act is of such a kind that the actor is ordinarily presumed to have personal knowledge of the nature of it. A sale of mortgaged personal property without informing the purchaser of the existence of the mortgage is unlawful, unless the seller has the written consent of the mortgagee ; and if he has not in fact such consent, his knowledge that he does not have it, in the absence of evidence to the contrary, may properly be inferred.

In this case it is not contended that the defendant acted through misapprehension. No intent to defraud need be expressly proved. The statute makes the intentional doing of the act a crime, and attaches to it a presumed fraudulent intent. We are of opinion that the request must be construed as calling for proof of a fraudulent intent beyond that necessarily inferrible from the intentional doing of the prohibited act. That being its true construction, it was rightly refused.

*Exceptions overruled.*