[Crim. No. 247.   First Appellate District.—March 30, 1911.]

# THE PEOPLE, Respondent, v. FRED. D. WOLFROM, Appellant.

CRIMINAL LAW—GRAND LARCENY—SALE OF MORTGAGED PERSONAL PROPERTY WITHOUT NOTICE TO BUYER—CONSTRUCTION OF PENAL CODE.— Section 538 of the Penal Code, making it larceny for a chattel mortgagor to commit any of the acts forbidden therein, "or who sells, transfers, or in any manner further encumbers the said mortgaged property or any part thereof, . . . unless at or before the time of making such sale, transfer or encumbrance such mortgagor informs the person to whom such sale, transfer or encumbrance is made, of the existence of the prior mortgage, and also informs the prior mortgagee of the intended sale, transfer or encumbrance, in writing," is intended not only to protect the mortgagee of personal property, but also to safeguard subsequent purchasers, transferees or encumbrancers thereof, and whoever sells such mortgaged property without notifying the buyer at or before the sale of the existence of the mortgage, is guilty of a violation of that section.

ID.—SUFFICIENCY OF INFORMATION—CHARGE OF TWO OFFENSES IN ONE COUNT — ABSENCE OF DEMURRER — SUPPORT OF JUDGMENT OF CONVICTION.—An information for grand larceny under section 538 of the Penal Code, which unequivocally charges the offense of a sale from the mortgagor of personal property to a named purchaser of an interest therein for the sum of $3,600, without notifying her of the existence of the chattel mortgage, and also alleges in the same count a felonious intent to defraud the mortgagee, without giving to him the notice in writing required by that section, is allowable in the absence of a demurrer, and supports the judgment of conviction.

ID.—GENERAL RULE AS TO JOINDER IN ONE COUNT.—Where a statute like this forbids several acts, and the commission of one or all of them constitutes the offense defined, it is permissible in one count of the information or indictment to charge all of the acts, and the proof of any one of them will support a verdict of guilty.

ID.—INTENT TO DEFRAUD BUYER NOT REQUIRED TO BE AVERRED OR PROVED —GRAMMATICAL LIMITATION.—Section 538 of the Penal Code limits the "intent to defraud" to the action of the mortgagor described in the first clause of that section; and it does not grammatically limit or qualify the other parts of that section. In such case, it is sufficient to charge the offense in the language of the statute. That section does not require an intent to defraud the buyer to be averred or proved.

ID.—RULE AS TO INTENT NOT MADE AFFIRMATIVE ELEMENT OF CRIME.— When the intent is not made an affirmative element of a crime, the

law imputes that the act knowingly done was with criminal intent; and it need not be alleged nor proved. When the language is plain and positive, and the offense is not made to depend upon any positive willful intent and purpose, the law implies conclusively the guilty intent, though the law was not understood by the violator.

ID.—FORM OF VERDICT OF GUILTY OF GRAND LARCENY UNOBJECTIONABLE —INSTRUCTION LIMITING VERDICT.—Where the court by its instructions declared that there was no evidence of an intent to defraud the mortgagee, and left the jury to determine upon the evidence whether the defendant was guilty of grand larceny in selling an interest in the property to the purchaser without informing her of the chattel mortgage, it is perfectly clear that they found him guilty of having sold an interest in the mortgaged property to the named purchaser for $3,600, without having informed her of the existence of the mortgage, when they found him guilty of grand larceny under section 538 of the Penal Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry C. McPike, and Hiram G. Davis, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—Defendant was convicted of grand larceny under the provisions of section 538 of the Penal Code. This is an appeal from the judgment and from an order denying him a new trial.

The facts of the case are that early in the year 1907 the defendant purchased about $5,000 worth of furniture from the Eastern Outfitting Company, a corporation, to furnish a large lodging-house, of which he had become the lessee. He paid $1,000 on account, and gave to the vendor a mortgage for the balance. Subsequently, with the oral consent of the mortgagee, he sold a one-fifth interest in the furniture and lodging-house business to one Matilda Bradford for $3,600.

The only disputed question of fact in the case is as to whether the defendant had informed Matilda Bradford of the existence of the chattel mortgage at or prior to the sale to her

of the said interest. As to this phase of the case it is sufficient to say, however, that the evidence fully supports the verdict.

The information was drawn under section 538 of the Penal Code, and charges that while the said mortgage "was in existence and unsatisfied" the defendant did "willfully, unlawfully, feloniously and with intent to defraud the said Eastern Outfitting Company . . . sell, transfer and cause to be sold and transferred an undivided one-fifth interest in and to the said personal property . . . to one Matilda Bradford, for and in consideration of the sum of $3,600 . . . without informing the said Matilda Bradford of the existence of said mortgage, and without informing the said Eastern Outfitting Company of the said sale and transfer of said one-fifth undivided interest in and to said personal property, or of any intended sale of same, in writing, by giving the name and place of residence of said Matilda Bradford, the person to whom the sale and transfer was made."

Section 538 of said code reads as follows: "Every person who, after mortgaging any of the property mentioned in section 2955 of the Civil Code . . . during the existence of such mortgage, *with intent to defraud* the mortgagee . . . takes, drives, carries away, or otherwise removes . . . the mortgaged property, or any part thereof, from the county where it was situate when mortgaged, without the written consent of the mortgagee, or who sells, transfers, or in any manner further encumbers the said mortgaged property, or any part thereof, . . . is guilty of larceny, and is punishable accordingly; unless at or before the time of making such sale, transfer or encumbrance, such mortgagor informs the person to whom such sale, transfer or encumbrance is made, of the existence of the prior mortgage, and also informs the prior mortgagee of the intended sale, transfer, or encumbrance, in writing, by giving the name and place of residence of the party to whom the sale, transfer, or encumbrance is to be made."

It is not claimed here, nor was it contended at the trial of the case, that the defendant was guilty of any wrong so far as the mortgagee was concerned. The case was tried from the beginning to the end on the theory that a fraud had been practiced on Mrs. Bradford by the defendant. We do not

doubt that section 538 was intended not only to protect the mortgagee of personal property, but, like the statutes in most of the states (2 Cobbey on Chattel Mortgages, sec. 797 et seq.; Jones on Mortgages, sec. 601 et seq.), was designed to safeguard subsequent purchasers, transferees and encumbrancers thereof; and therefore, whoever sells mortgaged property of the description covered by said section, without notifying the buyer at or before the sale of the existence of the mortgage, is guilty of a violation of the section.

We think also that the information sufficiently charged the commission of the act of which the defendant was convicted. From the allegations of the information it is not as clear as might be desired that the prosecution intended to charge the defendant with fraud as to the buyer as well as with fraud as to the mortgagee. Nevertheless, as no demurrer was interposed to the information, and as it does in so many words accuse the defendant with having violated the terms of section 538 so far as the buyer of the property was concerned, it must be held sufficient. It charges in one count that the defendant committed each of two of the acts forbidden by the section; and as this may be done, it follows that the information supports the judgment of conviction. Where a statute forbids, as this one does, several acts, and the commission of one or all of them constitutes the offense defined, it is permissible in one count of an information or indictment to charge all the acts, and the proof of any one of them will support a verdict of guilty. (*People* v. *Frank,* 28 Cal. 507; Bishop's New Criminal Procedure, sec. 336; *People* v. *Leyshon,* 108 Cal. 442, [41 Pac. 480].)

This brings us to defendant's contention that the portion of the information relied upon is insufficient, in that it does not allege that the act complained of was done with the intent to defraud Mrs. Bradford. But this part of the section does not make the intent with which the act is done an indispensable element of the defense, and as it is sufficient to charge a violation of a statute in the language of the statute, it necessarily follows that there is no merit in defendant's contention in this behalf. The words "with intent to defraud" found in the first part of section 538 apply and qualify that part of the section which forbids the removal of property

from the county where it was situated when the mortgage was given. They do not grammatically limit or qualify the other part of the section.

This view finds support in the history of the section. Formerly the subject matter of this section constituted two sections (Stats. 1893, p. 119), of which that part of section 533 which is the basis of the judgment here was one, and such section did not make the intent with which the act was done an essential ingredient of the offense.

When the intent is not made an affirmative element of the crime, the law imputes that the act knowingly done was with criminal intent, and it need not be alleged nor proven.

In *People* v. *O'Brien,* 96 Cal. 171, [31 Pac. 45], the defendant had altered a public record, apparently to make it speak the truth; in any event it was admitted by the attorney general that the evidence failed to show any fraudulent intent on the part of the defendant. Nevertheless the court held that inasmuch as the section defining the crime there in question did not make the intent with which the act was done an essential element of the crime, it was unnecessary to show that the defendant had acted with such intent. In that case the question is elaborately discussed, and a number of cases are cited and quoted from. The conclusion of the court on this point—which is correctly stated in the syllabus—is: "It is not necessary, in making out the offense of altering a public record, to prove any fraudulent intention upon the part of the defendant; nor is ignorance of the law and innocence of any intent to violate its terms any excuse for a violation thereof. When an act in general terms is made indictable, a criminal intent need not be shown, unless from the language or effects of the law a purpose to require the existence of such intent can be discovered." The court also quotes with approval the following language from the case of *State* v. *McBrayer,* 98 N. C. 623, [2 S. E. 756] : "It is a mistaken notion that positive, willful intent to violate the criminal law is an essential ingredient in every criminal offense, and that where there is an absence of such intent there is no offense; this is especially so as to statutory offenses. When the statute plainly forbids an act to be done, and it is

done by some person, the law implies conclusively the guilty intent, although the offender was honestly mistaken as to the meaning of the law he violates. When the language is plain and positive, and the offense is not made to depend upon the positive willful intent and purpose, nothing is left to interpretation.''

In *People* v. *Hartman,* 120 Cal. 489, [62 Pac. 823], speaking to the facts of that case, the court said that the honest belief of the defendant that his first marriage was invalid was a matter of no consequence, because it was the act of marrying the second time that constituted the crime. So in *Commonwealth* v. *Cutler,* 153 Mass. 252, [26 N. E. 855], the defendant was charged with an offense similar to the one with which the defendant is charged here; and there it was held that it need not be shown that the sale of the mortgaged property was made with intent to defraud; that such an intent would be inferred from the mortgagor's intentional sale.

It is true that in those cases the question arose on the sufficiency of the evidence; but still they are in point, for if it is unnecessary to prove the fraudulent intent, it necessarily follows that it is not imperative to allege it.

Defendant complains of one of the court's instructions; but as his objection is based on the erroneous theory that the information does not charge an offense as to Mrs. Bradford, it must be held that the contention is without merit.

The defendant also challenges the form of the verdict, but his position in this regard is also untenable. The court very carefully and fully instructed the jury that there was no evidence showing that the defendant intended to defraud the mortgagee, and told them ''to ignore and disregard the allegation in the information'' in this regard. There was no pretense that the property was removed from the city and county of San Francisco; so when the jury found the defendant guilty of ''grand larceny as defined by section 538 of the Penal Code, as charged in the information,'' it is perfectly plain that they found him guilty of committing the particular act for which he was prosecuted, i. e., of having sold the one-fifth interest in the mortgaged property to Mrs. Bradford without

15 Cal. App.—47

having informed her at or prior to the sale of the existence of the mortgage.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 29, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 29, 1911.