[Crim. No. 1171.   Second Appellate District, Division One.—May 12, 1925.]

## THE PEOPLE, Respondent, v. LOUIS GONZALES, Appellant.

[1] CRIMINAL LAW—CREDIBILITY OF WITNESSES—VERDICT—APPEAL.— On appeal in a criminal case, where the testimony which appellant's counsel attack on the ground of incredibility, if accepted as true by the jury, was sufficient to support the verdict, the appellate court cannot disturb the conclusion reached by the jury.

[2] ID.—CONFESSIONS—VOLUNTARY STATEMENTS—FOUNDATION.—In a criminal action, where the witnesses testifying to certain admissions of the defendant state that no threat or force or violence had been used against the defendant, nor was any hope of immunity or promise of reward held out to him to induce him to make any statement, but, on the contrary, the statement by the defendant was free and voluntary on his part, and counsel for defendant there-

upon examines the witness fully on *voir dire* as to each of such conclusions, and thereafter, without objection by defendant, his several admissions are introduced in evidence, defendant's rights in the premises are not violated.

[3] ID.—ADMISSIONS—FOUNDATION.—In a criminal action, no necessity exists for laying such foundation for the admission in evidence of statements made by the defendant not amounting to a confession.

[4] ID.—MISJOINDER OF OFFENSES—WAIVER OF OBJECTION.—The objection that two or more offenses not connected in their commission are contained within the information against defendant is waived where no demurrer is interposed by defendant.

[5] ID.—FIREARMS ACT—CRIMINAL INTENT—CONSTITUTIONAL LAW.—When an act, in general terms, is made indictable, a criminal intent need not be shown, unless from the language or effects of the law a purpose to require the existence of such intent can be discovered; and, therefore, there is no merit in the contention that the "Firearms Act" (Stats. 1923, p. 695) is unconstitutional in that it makes criminal the mere possession of a firearm by certain designated persons without requiring that such possession be accompanied by criminal knowledge and intent.

[6] ID.—POSSESSION OF FIREARM—GUILTY KNOWLEDGE.—The "Firearms Act" (Stats. 1923, p. 695) makes the mere possession of a firearm by certain persons described in the act a criminal offense—intent on the part of a defendant accused of the commission of the offense not being made an essential to the completion of the criminal act; and whether or not the act was committed knowingly is a question of fact for the jury to determine.

[7] ID.—POSSESSION OF WEAPON—GUILTY KNOWLEDGE—INSTRUCTIONS.—In a prosecution for a violation of the "Firearms Act," an instruction that "It is not necessary that the weapon should have been carried concealed upon the person of the defendant; the mere having in his possession or under his control and custody, of such weapon being sufficient," correctly states a principle of law applicable to the case, although such instruction might have contained an additional statement to the effect that if the possession of the firearm by the defendant was unknown to him, he would not be guilty of a violation of the statute; but the defendant cannot predicate a claim of reversible error upon the omission of such additional statement where one of the instructions given at his request, and which dealt with the subject of the absence of guilty knowledge, expressly confines such instruction to the other counts of the information charging burglary.

[8] ID.—GIVING OF PORTION OF REQUESTED INSTRUCTION.—Error may not be predicated upon the action of the trial court in giving a

---

4.  See 14 Cal. Jur. 90.
5.  See 8 R. C. L. 62; 7 Cal. Jur. 851.

portion of an instruction requested by the defendant, where the remaining portion of the instruction which was refused by the.court was fully covered by other instructions which the court gave to the jury.

---

(1) 17 C. J., p. 267, n. 99. (2) 16 C. J., p. 629, n. 23. (3) 16 C. J., p. 629, n. 21. (4) 31 C. J., p. 820, n. 57, p. 875, n. 9 New. (5) 16 C. J., p. 76, n. 1, p. 77, n. 4, p. 78, n. 8; 40 Cyc., p. 854, n. 24 New. (6) 40 Cyc., p. 869, n. 49 New. (7) 17 C. J., p. 362, n. 99, 3; 40 Cyc., p. 869, n. 49 New. (8) 16 C. J., p. 1063, n. 85; 17 C. J., p. 362, n. 3.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank C. Collier, Judge. Affirmed.

The facts are stated in the opinion of the court.

John S. Cooper and Caesar A. Roberts for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—On each of two counts of an information defendant was convicted of the crime of burglary of the second degree, and on the fourth count of the same information defendant was found guilty. of a violation of the so-called Firearms Act (Stats. 1923, p. 695; Deering's Gen. Laws, 1923 ed., Act 1970). He appeals from the judgment and from the order denying his motion for a new trial.

[1] The first point made by appellant for reversal of the judgment is that the evidence was insufficient to support the verdict. The argument, however, deals with the credibility which appellant claims should have attached to the testimony of the several witnesses. Appellant's counsel does not suggest that such testimony, if accepted as true by the jury, was not sufficient to justify the verdict. In such circumstances, the authorities are uniformly to the effect that the conclusion reached by the jury cannot be disturbed on appeal.

[2] On the trial of the action evidence of certain admissions by defendant was presented to the jury, and it is contended by appellant that the proper foundation therefor was not laid prior to the introduction thereof. The

record, however, shows that the witness testifying to such admissions by defendant stated that no threat or force or violence had been used against defendant, nor was any hope of immunity or promise of reward held out to him to induce him to make any statement; but, on the contrary, that such statement by defendant was free and voluntary on his part; and that thereupon counsel for defendant examined the witness fully on *voir dire* as to each of such conclusions. Thereafter, without objection by defendant, his several admissions were introduced in evidence. In such circumstances, it is clear that none of defendant's rights in the premises was violated. [3] In addition thereto, the law is well settled that no necessity exists for laying such foundation for the admission in evidence of statements made by defendant not amounting to a confession. (*People* v. *Ford,* 25 Cal. App. 388, 418 [143 Pac. 1075].)

[4] Appellant charges error in that two or more offenses not connected in their commission were contained within the information against defendant. By section 1004 of the Penal Code a defendant is given the right to demur to the information on the ground (3) "that more than one offense is charged, except," etc. In view of the fact that no demurrer was interposed by defendant, it is clear that he waived the objection. (Sec. 1012, Pen. Code; *People* v. *Connor,* 17 Cal. 354; *People* v. *Shotwell,* 27 Cal. 394; *People* v. *Garnett,* 29 Cal. 622; *People* v. *Chadwick,* 4 Cal. App. 63 [87 Pac. 384, 389].)

[5] Appellant also suggests as a reason why the judgment should be reversed and the motion for a new trial granted to defendant, that the statute heretofore referred to as the "Firearms Act" is unconstitutional in that it makes criminal the mere possession of a firearm by certain designated persons without requiring that such possession be accompanied by criminal knowledge and intent. No reference is made by counsel representing appellant to any article or section of the constitution of which he claims the act in question is violative, nor, so far as can be determined from the argument and the authorities submitted on the point, is the constitutionality of the statute involved. With reference to the necessity of showing criminal intent on the part of the person charged with the offense of unlawfully having a firearm in his possession, the authorities appear to be in ac-

cord to the effect that "when an act, in general terms, is made indictable, a criminal intent need not be shown, unless from the language or effects of the law a purpose to require the existence of such intent can be discovered." See *People v. O'Brien,* 96 Cal. 171 [31 Pac. 45], where the subject is treated at length and the adjudicated cases bearing thereon are reviewed, including *State* v. *McBrayer,* 98 N. C. 623 [2 S. E. 755], which is quoted as follows: "It is a mistaken notion that positive, willful intent to violate the criminal law is an essential ingredient in every criminal offense, and that where there is an absence of such intent there is no offense; this is especially so as to statutory offenses. When the statute plainly forbids an act to be done, and it is done by some person, the law implies conclusively the guilty intent, although the offender was honestly mistaken as to the meaning of the law he violates. When the language is plain and positive, and the offense is not made to depend upon the positive, willful intent and purpose, nothing is left to interpretation. See, also, *People* v. *Hartman,* 130 Cal. 487 [62 Pac. 823]; *Matter of Application of Ahart,* 172 Cal. 764 [159 Pac. 160]; *People* v. *Tomalty,* 14 Cal. App. 230 [111 Pac. 513]; *People* v. *Phillips,* 27 Cal. App. 412 [150 Pac. 75]; *People* v. *Iden,* 24 Cal. App. 627 [142 Pac. 117].

In the case of *People* v. *Wolfrom,* 15 Cal. App. 732 [115 Pac. 1088] it is said: "When the intent is not made an affirmative element of the crime, the law imputes that the act knowingly done was with criminal intent, and it need not be alleged nor proven."

[6] A perusal of the statute which is the subject of appellant's attack shows that the mere possession of a firearm by any person described in the act is sufficient to constitute a criminal offense. The language of the statute is that " . . . no person who has been convicted of a felony against the person or property of another or," etc., "shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person." By the statute, intent on the part of a defendant accused of the commission of the offense is not made an essential to the completion of the criminal act; and whether or not the act was committed knowingly would necessarily be a question of fact for determination by the jury.

[7] In this connection, defendant also assigns as error the giving of the following instruction, at the request of the People:

"You are further instructed that under the offense charged in said Count IV it is not necessary that the weapon should have been carried concealed upon the person of the defendant; the mere having in his possession or under his control and custody, of such weapon being sufficient."

While the instruction correctly states a principle of law applicable to the case, it is possible that it might have contained an additional statement to the effect that if the possession of the firearm by the defendant was unknown to him, he would not be guilty of a violation of the statute. But by an examination of the instruction given to the jury at the request of defendant, we find that the very matter, in substance, which he now suggests should have been given to the jury was eliminated from the instruction at his own request. The instruction to which we refer is as follows:

"You are instructed that in every crime or public offense there must exist a union or joint operation of act and intent, and the criminal intent is the essential element. A person may aid in the commission of an offense by doing innocently some act essential to its accomplishment, and you are instructed that merely aiding or assisting in the commission of the offense charged in this information, without guilty knowledge or criminal intent on the part of the defendant, is not criminal and would not justify you in finding him guilty. This instruction applies only to the first three counts of the information."

The "firearm" charge against defendant was contained in the fourth count of the information; and was, therefore, at defendant's suggestion, expressly excepted from the operation of the rule as announced in the instruction just quoted. In the circumstances, defendant has no just cause for complaint.

[8] As a final complaint by appellant, he asserts that the trial court erred in giving a certain instruction to the jury. It is as follows: "The court instructs the jury, that the credibility of the witnesses is a question exclusively for the jury; and the law is, that where a number of witnesses testify directly opposite to each other, the jury are not

bound to regard the weight of the evidence as evenly balanced."

The instruction was a part of one offered by defendant in his own behalf. The remainder of the instruction which was refused by the court was fully covered by other instructions which the court gave to the jury. If the instruction states an incorrect principle of law applicable to a criminal case, it constitutes an error of which defendant is in no position to complain. The rule affecting such a situation is correctly announced in the case of *People* v. *Goulding*, 60 Cal. App. 542 [213 Pac. 277] ; where it is said: "It is a sound principle, as well as a most salutary one, that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about. (*Missouri Pac. R. Co.* v. *Fox*, 60 Neb. 531 [83 N. W. 744].)"

We find no error in the record prejudicial to defendant's substantial rights.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 5, 1925, and appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1925.

All the Justices concurred, except Houser, J., *pro tem.*, who did not participate.