[Crim. No. 381.   Second Appellate District.—May 14, 1915.]

THE PEOPLE, Respondent, v. E. J. PHILLIPS, Appellant.

CRIMINAL LAW — GRAND LARCENY — SALE OF MORTGAGED PERSONAL PROPERTY—FAILURE TO INFORM MORTGAGEE OF SALE—SUFFICIENCY OF EVIDENCE.—In this prosecution for the crime of selling mortgaged personal property without informing the mortgagee of the intended sale or the purchaser of the existence of the mortgage, it is held that the evidence was insufficient to show that the property sold was that mortgaged by the mortgage referred to in the information.

ID. — PRESUMPTION OF INNOCENCE — APPLICATION OF. — In such a case every presumption is in favor of the innocence of the defendant,

and, under this presumption, the statement of the defendant that part of the property sold was mortgaged and part not, must be presumed to refer to mortgages other than the one mentioned in the information, where the evidence showed that other mortgages existed.

ID.—EVIDENCE—SALE OF CATTLE.—The mere fact that the cattle mortgaged could not be found on defendant's ranch was not itself evidence of a sale thereof to any one.

ID.—EVIDENCE OF INTENT—WHEN NOT NECESSARY TO ALLEGE OR PROVE.—In such a case the intent with which the act was done is not an element of the offense; and when the intent is not made an affirmative element of the crime, the law imputes that the act knowingly done was with criminal intent and it need not be alleged or proven.

ID.—EVIDENCE OF OTHER OFFENSES—PREJUDICIAL ERROR.—Proof of intent not being required, it was prejudicial error to admit evidence offered by the prosecution, over defendant's objection, showing the sale by the defendant of property included in other mortgages than that set forth in the information, for the purpose of proving the intent with which the act complained of was committed; and the prejudicial effect of such evidence was accentuated by reason of the fact that the court not only failed to instruct the jury as to the restricted purpose, for which, in a proper case, evidence of other like offenses may be considered, but gave an instruction embodying section 538 of the Penal Code in its entirety.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

O. V. Willson, and Willson & Frazier, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Upon an information filed by the district attorney under the provisions of section 538 of the Penal Code, defendant was convicted of grand larceny. He appeals from the judgment and from an order denying his motion for a new trial.

The acts constituting the offense, as set out in the information, were the sale and transfer, at the town of Brawley, Imperial County, of certain live stock consisting of horses, hogs, and cattle, a description of which and their markings and brands is fully set out therein, all of which live stock was at

the time subject to a mortgage executed by defendant to one
John Cady and by him assigned to the First National Bank
of Brawley.    The information charges that while said mort-
gage was in existence defendant ''willfully, unlawfully, feloni-
ously and devising and intending to defraud said John Cady
and said First National Bank of Brawley, . . . did assign,
transfer and sell to the Hauser Packing Company, . . . and
to divers persons to affiant unknown, all of said mortgaged
property aforesaid, without informing John Cady, . . . the
said mortgagee, or . . . the assignee of said mortgagee, of
the said sale, and intended sale and transfer of said property,
in writing, of the name and place of residence of the party
to whom said sale and transfer of said live stock aforesaid was
made; and also without informing the said Hauser Packing
Company, or any of the other persons to whom said property
was sold and transferred as aforesaid, of the existence of said
mortgage.''

The chief contention of appellant is that the evidence is in-
sufficient to support the verdict in that it fails to show that
he sold, assigned, or transferred any of the property so mort-
gaged to the Hauser Packing Company, or to any person
whomsoever.   Having this point in view, we have with great
care examined the record.   It appears therefrom that defend-
ant, some time prior to the alleged sale which it is claimed
occurred the latter part of August, 1914, bought from Cady
a portion of the stock described in the information, and to
secure payment of notes given for the purchase price thereof,
executed a chattel mortgage, including therein with the stock
purchased certain other stock then owned by him; that at the
time of the alleged sale to the Hauser Packing Company de-
fendant owned a large number of cattle other than those
included in the mortgage to Cady, a part if not all of which
other stock was likewise mortgaged to other persons, the exist-
ence of three unsatisfied mortgages being shown whereby
defendant had mortgaged other cattle, and it was clearly
established that some of the cattle so included in these last
mentioned mortgages had been sold by defendant, and likewise
shown that he had not given notice to the purchaser, nor to
the holder of said mortgages; that in August, at the county
of Imperial, he, without giving notice to any one of the exist-
ence of the mortgages or the intended sale, sold a lot of cattle,
in number largely exceeding those included in the Cady mort-

gage, to the Hauser Packing Company, receiving therefor the sum of $2237.40. It may be conceded that every element of the offense was fully established, other than the sale of the live stock so mortgaged to Cady, as to which there seems to be no evidence disclosed by the record. Conceding the cattle sold to the Hauser Packing Company were mortgaged cattle, there is nothing in the testimony identifying or even tending to identify them with the cattle mortgaged by the defendant to Cady, as described in the information. Defendant testified that the cattle sold to the Hauser Packing Company were his cattle, and in reply to the question as to whether or not any of them were mortgaged, said: "Yes, sir; part of them were mortgaged and part of them were not." The statement that some of them were mortgaged is entirely consistent with the fact that they were covered by the mortgages so introduced in evidence other than that given to Cady. Every presumption is in favor of the innocence of defendant, and we must therefore assume, in the absence of evidence to the contrary, that these cattle were the subject of the other mortgages. Aside from the existence of the mortgage, the only question involved was whether defendant had sold the cattle and stock therein described. The mere fact that the cattle could not be found on defendant's ranch was not in itself evidence of the sale thereof to any one.

Aside from this fact, it was prejudicial error to permit the district attorney, over defendant's objection, to introduce evidence as to these other mortgages. Defendant was not charged with taking, driving away, or removing mortgaged property from the county where it was situate when mortgaged, without the written consent of the mortgagee, as to which the *intent to defraud* is an essential element of the crime, but charged with the selling thereof without informing the mortgagee or person to whom the sale was made of the existence of the mortgage or intended transfer thereof. That part of section 538 under which defendant is charged with the commission of the offense does not make the *intent* with which the act is done an element of the offense. "When the intent is not made an affirmative element of the crime, the law imputes that the act knowingly done was with criminal intent, and it need not be alleged nor proven." (*People* v. *Wolfrom,* 15 Cal. App. 732, [115 Pac. 1088]; *People* v. *Iden,* 24 Cal. App. 627, [142 Pac. 117].) In *People* v. *O'Brien,* 96

Cal. 171, [31 Pac. 45], it is said: "When an act, in general terms, is made indictable, a criminal intent need not be shown, unless from the language or effects of the law a purpose to require the existence of such intent can be discovered." Hence the sale by defendant of property included in other mortgages than that set forth in the information could not be justified upon the theory that it was for the purpose of proving the intent with which the act was committed. The prejudicial effect of this evidence was accentuated by reason of the fact that the court not only failed to instruct the jury as to the restricted purpose for which, in a proper case, evidence of other like offenses may be considered, but gave an instruction embodying section 538 of the Penal Code, in its entirety. Such evidence, without contradiction, showed that defendant, without giving the notice required, had sold to the Hauser Packing Company and to other persons cattle which were included in the mortgages other than that executed to John Cady. While defendant was charged with the selling of the live stock mortgaged to the latter, no evidence was introduced showing that he made such sale. It was shown that he committed larceny, as defined by section 538 of the Penal Code, by selling cattle mortgaged to other persons than Cady, and upon this evidence, submitted to the jury without any restrictions as to its purpose or the consideration thereof, it was, under the instruction given embodying said section 538, given to understand that it would be justified in returning a verdict of guilty. But the offense so committed was not the crime charged in the information in this action.

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.