[Crim. No. 455.   Second Appellate District.—March 1, 1916.]

THE PEOPLE, Respondent, v. E. J. PHILLIPS, Appellant.

CRIMINAL LAW—LARCENY—SALE OF MORTGAGED PERSONAL PROPERTY—
SUFFICIENCY OF EVIDENCE.—In a prosecution, under section 538 of
the Penal Code, for selling mortgaged personal property consisting
of heifers and cows without giving the requisite notice to either the
mortgagee or the purchaser, where there was testimony relevant and
competent to support the allegations of the information as to all
material matters charged therein, the appellate court cannot revise
the finding of the jury on the questions of fact.

ID.—ALLEGED BIAS OF JUDGE—CONFLICTING EVIDENCE.—The contention
in such a case that the trial judge was disqualified by reason of
bias and prejudice on the ground that in a similar charge against
the defendant, after conviction, and when probation was being ap-
plied for, he refused to approve an order for probation, and gave
it as his opinion in that connection that the defendant should, for
the offense there considered, be placed in the penitentiary, cannot
be sustained on appeal, where affidavits of the deputy district attor-
ney and the trial judge were filed contradicting the assertion of
appellant as to any improper bias or prejudice.

ID.—CONSTRUCTION OF SECTION 487, PENAL CODE—LARCENY.—By sec-
tion 487 of the Penal Code, when property stolen is a cow, calf,
etc., the crime is declared to be grand larceny, and, within the mean-
ing of this section, "heifer" is synonymous with "cow," and it fol-
lows, therefore, that if, as section 538 of the Penal Code declares,
the selling of mortgaged property without the prescribed notice
makes the person guilty of larceny and makes him "punishable
accordingly," the crime is either grand or petty larceny, dependent
upon the kind or value of property taken.

ID.—INSTRUCTION—INTENT.—In such a case, there was no error in in-
structing the jury that the intent with which the act alleged was
done was not an element of the offense, and that when the intent
is not made an affirmative element of the crime, the law interprets
that the act knowingly done was of criminal intent, and it need
not be alleged or proven.

ID. — CONSTRUCTION OF INSTRUCTIONS — RULE. — Instructions are to be
read in their entirety and not by segregated and separate portions;
and although a single instruction in such a case, if it stood alone,
might be susceptible of the interpretation that its language as-
sumed that the facts charged against the defendant had been
proved, where, in the body of the instructions given by the court,
the jury was advised that it must find beyond a reasonable doubt
all the allegations set forth in the information to be true, it
cannot be contended that the instruction was prejudicially erroneous.

ID.—CONSENT TO SELL ALL OR PART OF MORTGAGED PROPERTY—FAILURE
TO GIVE NOTICE OF SALE OF BALANCE—INSTRUCTION.—There was no
error in instructing the jury in such a case that if they should find
that the defendant sold either or all of the five animals described
in the information, they should convict him, although there was
testimony given on the part of the mortgagee to the effect that he
had authorized the mortgagor to sell two of the cows, where the
information contained a twofold charge, to wit, not only that there
was a failure to give notice to the mortgagee, but also a failure to
give notice to the purchaser of the animals sold.

ID.—PERMISSION TO SELL—RIGHT TO NOTICE.—The giving of mere per-
mission to sell mortgaged property does not work a waiver of the
right to have notice of the sale furnished, for the mortgagor has a
full right to sell without permission, provided he gives the notice
prescribed by the statute.

ID.—PUNISHMENT — IMPRISONMENT AND FINE — CONSTRUCTION OF SEC-
TION 672, PENAL CODE.—Under section 672 of the Penal Code, upon
a conviction for any crime punishable by imprisonment in any jail
or prison, in relation to which no fine is prescribed in said code, the
court may impose a fine on the offender not exceeding two hundred
dollars in addition to the imprisonment prescribed; and it was not
error for the court in such a case to impose a fine of two hundred
dollars, as well as imprisonment in the state's prison for a period
of three years.

APPEAL from a judgment of the Superior Court of Im-
perial County, and from an order denying a new trial.
Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

O. V. Willson, and W. F. Frazier, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke,
Deputy Attorney-General, for Respondent.

JAMES, J.—Appeal from a judgment of imprisonment
and from an order denying defendant's motion for a new
trial.

Defendant was prosecuted agreeable to the provisions of
section 538 of the Penal Code, which makes the mortgagor of
personal property, who sells or transfers the same to another,
guilty of larceny, where he fails to inform the person to whom
the sale is made of the existence of the mortgage and also fails
to give written notice to the mortgagee of such intended sale.

The property in question, which was subject to the lien of a chattel mortgage and which it is alleged the defendant sold without giving the requisite notice to either the mortgagee or the purchaser, consisted of three heifers and two cows. The judgment of the court, as entered upon the verdict, was that the defendant be imprisoned in the state prison for a period of three years, and that he pay a fine in the sum of two hundred dollars.

Referring to the evidence, the sufficiency of which is challenged by appellant, it will be sufficient to say that there was testimony relevant and competent to support the allegations of the information as to all material matters charged therein. Under such a state of the case, it is not for this court to revise the finding of the jury on the questions of fact.

Appellant contends that the showing made by him of alleged disqualification of the trial judge as to bias and prejudice, should have been sustained. It appears that the appellant had been a defendant in another case under a similar charge, and that, after conviction and when probation was there being applied for, the judge, being the same judge who sat at this trial, refused to approve an order for probation, and gave it as his opinion in that connection that the defendant should, for the offense there considered, be placed in the penitentiary. Affidavits of the deputy district attorney and of the trial judge were filed, which contradicted the assertion of appellant as to any improper bias or prejudice.

It is urged that defendant should not have been convicted of the crime of grand larceny, because the section of the code under which he was prosecuted makes the commission of the acts charged amount only to "larceny." In section 538 of the Penal Code it is provided that any person who shall commit any of the acts therein described shall be "guilty of larceny and . . . punishable accordingly." The property which was the subject of the chattel mortgage, as alleged in the information, consisted entirely of cows and heifers. By section 487 of the Penal Code, when the property stolen is a cow, calf, etc., the crime is declared to be grand larceny. We think that within the meaning of this section, "heifer" is synonymous with "cow," and it follows, therefore, that if, as section 538 of the Penal Code declares, the selling of mortgaged property without the prescribed notice makes the person guilty of larceny and makes him "punishable accord-

ingly," the crime is either grand or petty larceny, dependent upon the kind or value of the property taken.

The court charged the jury that the intent with which the act alleged was done was not an element of the offense, and then proceeded to state that "when the intent is not made an affirmative element of a crime the law interprets that the act knowingly done was of criminal intent, and it need not be alleged or proven." That instruction was in accordance with the law as laid down by this court in *People* v. *Phillips,* 27 Cal. App. 409, [150 Pac. 75]. It is complained that in the same instruction the court by its language assumed that the acts charged against the defendant had been proved. If the instruction pointed to stood alone, it might be susceptible of such interpretation, but in the body of the instructions given by the court the jury was advised that it must find beyond a reasonable doubt all of the allegations set forth in the information to be true. Instructions are to be read in their entirety, and not by segregated and separate portions. It is complained, again, that where the court instructed the jury that if it should find that the appellant sold either or all of the five animals described in the information, it should convict him, error was committed, because there was testimony given on the part of the mortgagee to the effect that he had authorized the mortgagor to sell two of the cows. The information contains a twofold charge, to wit, not only that there was a failure to give notice to the mortgagee, but also a failure to give notice to the purchaser of the animals sold. Furthermore, the giving of mere permission to sell does not work a waiver of the right to have notice of the sale furnished, for, as is properly stated by the attorney-general, the mortgagor has a full right to sell without permission, provided he gives the notice prescribed by the statute. We have examined each of the instructions offered by the appellant and which were not given. These instructions mainly went to the question of intent, and in view of what has been said herein upon that proposition, the refusal of the court to so declare the law did not amount to error of which the appellant has a right to complain. As before stated, the questions of fact proposed by the allegations of the information were submitted to the jury, and the jury made its finding thereon. There being material evidence to support the allegations, that finding forecloses any further inquiry into that matter.

Appellant made the point that the law did not permit of the imposition of a fine in addition to a sentence of imprisonment, and has referred to the section of the Penal Code fixing the punishment for grand larceny. Upon our first examination of the case, no answer being made on behalf of the attorney-general to this point, it seemed that the objection to that portion of the judgment which imposed the fine of two hundred dollars was well taken. However, our attention has now been called to section 672 of the Penal Code, which is a section general in its nature and which provides as follows: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding two hundred dollars, in addition to the imprisonment prescribed." Under the terms of this section it would seem that the court had the discretion to add the fine in the sum mentioned in the judgment to the sentence of imprisonment.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1916, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second district is denied.

In denying the application we do not wish to be understood as holding that if permission to sell was given by the mortgagee, it would not operate as a complete waiver of the requirement of the statute that notice of the sale shall be given to the mortgagee. We express no opinion upon that question. The complaint that error was committed in the giving of an instruction bearing on this question was sufficiently answered by what is said in the opinion of the district court of appeal that "the information contained a twofold charge, to wit, not only that there was a failure to give notice to the mortgagee, but also a failure to give notice to the purchaser of the animals sold."