[Civil No. 5597.  Second Appellate District, Division One.—March 28, 1927.]

JAY BUTLER HARRIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Disqualification of Judges—Order Denying Change of Venue—Affidavits—Conclusiveness of Finding—Prohibition.—An order refusing a change of venue, requested on the ground of the alleged bias and prejudice of the trial judge, will not be reviewed on appeal, when the statements contained in the moving affidavit tending to show bias are fully met by counter-affidavits; and under such circumstances, the finding of the trial judge, on the question of his own disqualification, is conclusive in a proceeding in prohibition to prevent the trial judge from hearing the cause.

[2] Id.—Prohibition to Prevent Trial—Filing of Counter-affidavit—Evidence of.—In a proceeding in prohibition to prevent the trial judge from trying a certain action upon the ground of alleged prejudice and bias against the petitioner, the point that the counter-affidavit of the trial judge on the motion to transfer the trial to another judge was never filed is not tenable, where the affidavit of one of the department clerks of the superior court is to the effect that, prior to the hearing of the motion, the trial judge subscribed and swore to the affidavit in question before said clerk and directed him to file the affidavit in the action to which it referred, and that thereafter and on the same day the clerk marked the affidavit "Filed" and delivered the same to the file clerk in the office of the county clerk, in the manner usually and customarily employed by deputies by said office assigned to the several departments of said superior court.

(1) 4 C. J., p. 846, n. 98; 32 Cyc., p. 610, n. 73.  (2) 34 Cyc., p. 587, n. 25.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from trying certain action. Hugh J. Crawford, Judge.  Writ discharged.

The facts are stated in the opinion of the court.

1.  See 14 Cal. Jur. 820.
2.  See 22 Cal. Jur. 607; 23 R. C. L. 186.

Haas & Dunnigan for Petitioner.

Everett W. Mattoon, County Counsel, and Ray C. Mc-Allaster, Deputy County Counsel, for Respondents.

HOUSER, J.—This proceeding is founded upon an alleged "prejudice and bias" of Honorable Hugh J. Crawford as Judge of the Superior Court in and for the County of Los Angeles against petitioner which, if established, would prevent petitioner from having a fair and impartial trial in an action now pending in said court.

Prior to the filing of the petition herein petitioner, as plaintiff in the action, made and presented his motion therein for "an order transferring the trial . . . to a judge . . . other than the Honorable Hugh J. Crawford, . . . " The grounds specified in the notice of motion were the prejudice and bias of said judge which, as alleged, would result as hereinbefore indicated. The motion was supported by an affidavit which specified the particular facts from which it was claimed by the plaintiff that the prejudice of the said judge against him would appear and legally follow. In reply to such affidavit Judge Crawford made and filed his counter-affidavit in which, in force and effect, he completely and specifically denied each of the material facts set forth in the affidavit presented by the plaintiff, and, in addition thereto, alleged that "he has never had, nor does he now have, any feeling of animosity toward said plaintiff and never has had and does not now have any prejudice or bias or dislike or contempt against and concerning the said plaintiff, and alleges that he is qualified in all respects to act as presiding judge over the trial of this action and that the said plaintiff has had and will continue to have a fair and impartial trial and hearing herein before affiant."

On the hearing of the motion it was denied.

[1] The law relating to such a condition as is hereinbefore set forth is clearly stated in the syllabus in the case of *Estudillo* v. *Security Loan & Trust Co.*, 158 Cal. 66 [109 Pac. 884], as follows: "An order refusing a change of venue, requested on the ground of the alleged bias and prejudice of the trial judge, will not be reviewed on appeal, when the statements contained in the moving affidavits tend-

ing to show bias are fully met by counter-affidavits. Under such circumstances, the finding of the trial judge, on the question of his own disqualification, is conclusive on appeal."

To the same effect are: *Swan* v. *Talbot,* 152 Cal. 142 [17 L. R. A. (N. S.) 1066, 94 Pac. 238].; *McEwen* v. *Occidental Life Ins. Co.,* 172 Cal. 6 [155 Pac. 98]; *Estate of Kasson,* 141 Cal. 33 [74 Pac. 436]; *People* v. *Rodley,* 131 Cal. 240 [63 Pac. 351]; *People* v. *Phillips,* 30 Cal. App. 31 [157 Pac. 1003, 1005].

It therefore appears that the conclusion reached by Judge Crawford as to whether he was either prejudiced against the plaintiff or biased in favor of the defendant in the action before him is conclusive in the present proceeding.

[2] The question is also incidentally presented regarding the status of the filing of Judge Crawford's affidavit with the clerk of the court. The register of actions fails to disclose that such affidavit was ever filed. However, the affidavit filed herein by one of the department clerks of the Superior Court is to the effect that, prior to the hearing of the motion to which reference has been had, Judge Crawford subscribed and swore to the affidavit in question before said clerk and directed him to file the affidavit in the action to which it referred, and that thereafter and on the same day the clerk marked the affidavit " 'Filed' and delivered the same to the file clerk of the County Clerk of the County of Los Angeles, State of California, in the manner usually and customarily employed by deputies by said office assigned to the several departments of said Superior Court."

Respecting such a situation, in the matter entitled *Estate of Sankey,* 199 Cal. 391 [249 Pac. 517], it is said: "The actual endorsement of the instrument is not a necessary part of the filing, but is mere evidence of that fact. An officer is presumed to have performed his duty, and one may not be prejudiced by the mere failure of an officer to perform his ministerial duty. When the instrument is deposited with the proper officer, at the proper place for the purpose of filing, in contemplation of law it is deemed to have been filed. (*Edwards* v. *Grand,* 121 Cal. 255 [53 Pac. 796]; *Smith* v. *Biscailuz,* 83 Cal. 344 [21 Pac. 15, 23 Pac. 314]; *Estate of Carroll,* 190 Cal. 105, 111 [210 Pac. 817]; Words & Phrases (1st series), p. 2768.)"

The point advanced by petitioner, therefore, that the counter-affidavit of Judge Crawford was never filed is not tenable.

On the hearing of the petition for the writ herein a demurrer thereto was presented by respondents on the specified ground of its ambiguity, also that the petition as a whole failed to state facts sufficient to show any cause for the granting of the writ of prohibition. The demurrer is overruled.

As it is apparent that petitioner is not entitled to the relief for which he prayed in his petition, it is ordered that the writ be and it is discharged.

Conrey, P. J., and York, J., concurred.