[Civ. No. 5217. Third Appellate District.—August 6, 1934.]

LUTHER QUINTIN HUTCHINS, Appellant, v. THE COUNTY CLERK OF MERCED COUNTY et al., Respondents.

L. M. Linneman for Appellant.

S. P. Galvin, District Attorney, for Respondents.

THE COURT.—Knowing an immediate decision was necessary in this case, attention has been given to it by the mem-

bers of the court and we are prepared to render an opinion immediately.

So far as section 12a, adopted by the legislature March 10, 1933, is concerned, the court differs decidedly with the argument of counsel. We do not think counsel on either side presented the true meaning and intent of that section. If you will just read it carefully you will find the exception inclosed in parentheses was intended to apply to holidays— bank holidays and special holidays — proclaimed by the Governor, and was passed as an emergency measure to cover that particular condition. National bank holidays had been declared by the President and required holidays by the Governors of the different states, and in order to cover that situation the legislature passed an act known as section 12a of the Code of Civil Procedure and then provided it should apply to certain acts. We have taken occasion to read every one of these sections, and every one of these sections read "within", not "prior". ■ Section 12a as amended does not change the law, in the opinion of the court, as laid down in the case of *Griffin* v. *Dingley,* 114 Cal. 481 [46 Pac. 457]. It makes no change and cannot be applied to anything except those special holidays. Again, the reading of section 12a, as amended, shows that exactly the same words are used as were passed upon in the opinion in the case of *Griffin* v. *Dingley,* where it provided that an act must be done *within* a certain time. ■ Now, there is a difference in law between the meaning of the words "within" and "prior". If you have to do a thing before a certain day, that day is not included; in other words, if you have to do a certain thing before the twenty-fourth day of June, the 24th of June is not included, because it must be before. According to the rule laid down for computing time when the nomination papers must be filed, and I may state as construed by the attorney-general of this state (while his opinions are not of the same weight or authority as those of the court, yet if his opinion coincides with the opinion of the court we can properly adopt it; we did not see all of his opinion, but the substance of it, a memorandum of it), 27 days in August would be excluded, 31 days in July would be excluded and 7 days in June would be excluded, leaving the last day the twenty-third day of June. We have seen no reason for attempting to alter the opinion

of the Supreme Court, because the word "prior" has been left unchanged by any of the amendments.

So far as the filing is concerned, the case of *Edwards* v. *Grand*, 121 Cal. 254 [53 Pac. 796], laid down the rule that in order that a paper might be filed it must be presented to the proper officer at his office, not on the streets. There are a number of cases in 25 Corpus Juris, pages 124–127, which make a distinction between mere manual possession and filing. They lay down the rule that giving a paper to an officer on the street or at his home is not a filing, but if you present it to the officer at the proper place of business for the purpose of filing whether he stamps it or not is not material. That is not your fault; you have done all you can do. This is supported by numerous authorities in 25 Corpus Juris.

Study the case of *Griffin* v. *Dingley, supra,* and you will find not only the sections of the Political Code, but the sections adopted by the legislature and section 12a had no application to this case because they all relate to the word "within". If we follow all those sections referred to in section 12a of the Code of Civil Procedure we find, as stated, that the word "within", and not the word "before", is used.

I will state that so far as filing is concerned, the case of *Edwards* v. *Grand, supra,* is referred to in *Harris* v. *Superior Court,* 82 Cal. App. 88 [255 Pac. 229], and *Andrews* v. *Metzner,* 83 Cal. App. 764 [257 Pac. 203], approving the rule laid down in *Edwards* v. *Grand.* There does not seem to be any question that the papers should have been filed 65 days preceding the twenty-eighth day of August, and it is the opinion of the court that Sunday cannot be excluded. It is one of the days to be counted just as other Sundays intervening, quite a number of them, and all of them to be counted. If the statute had read "within" a certain time it must be filed then a different construction must be given, just as in serving summons, within so many days you have to answer. If the last day is a holiday you have the next day, because it does not count, but if the statute had read "prior" the last day which is a holiday, your answer should have been in the day before the holiday. Applying that rule here, Sunday the 24th of June is a holiday and it cannot be excluded, because it must be counted as one of the days before which your papers must have been filed.

So far as outside questions and public policy are concerned, we cannot pass on those. It is the statute and nothing else we must follow.

Therefore the judgment must be and is affirmed.