[Civ. No. 1859. Fourth Appellate District.—April 18, 1939.]

ED KUEHN, Appellant, v. F. DON CARLOS et al., Respondents.

Siemon & Claflin for Appellant.

Barcroft & Barcroft and Martin C. Thuesen for Respondents.

MARKS, J.—This is an appeal from a judgment in which J. E. Beck was awarded possession of an airplane, or its value, if possession could not be had.

This case has been before this court for decision once before. (*Kuehn* v. *Don Carlos,* 5 Cal. App. (2d) 25 [41 Pac. (2d) 585].) Under the facts there recited we held that the mortgagee (appellant here) had in effect released the lien of his mortgage for the purposes of the execution sale. This so-called release has more the nature of an estoppel than an actual release of a mortgage. A judgment in the mortgagee's favor was reversed. Defendants urge that our first decision established the law of the case and that, therefore, the judgment in their favor here must be affirmed.

We will repeat only those facts set forth in the first opinion which are necessary to an understanding of the conclusions here reached.

A reading of our former opinion discloses that the holding, that the lien of the chattel mortgage had been in effect released for the purposes of the execution sale, was based largely on documentary evidence. Those same documents were before the court at the second trial. The other facts upon which the conclusion of the release for the purposes of the sale was predicated were also proved at the second trial. In this respect there is no difference between the evidence at the first trial and that at the second. It follows that as the conclusion of a release for such purposes was drawn in the first decision it must be drawn here. (*Whitney* v. *West Coast Life Ins. Co.,* 49 Cal. App. 229 [193 Pac. 149].) As the lien of the chattel mortgage had been in effect released for the purposes of the execution sale, the mortgaged property was sold free of that lien at such sale. That sale was legally conducted, a purchase price was paid, and title to the airplane passed to the purchaser. Defendant Beck purchased the airplane from that purchaser for value and title now rests in him.

Plaintiff seeks to escape this conclusion by urging that the facts proved at the second trial were materially different from those proved at the first. He points to the testimony, at the second trial, of Herbert P. Sears, the judgment creditor in the action in which the airplane was sold under execution, to the effect that the agreement between himself and plaintiff, upon which was based the conclusion of the release for the purposes of the execution sale, had been rescinded before that sale. This evidence does not appear in the record of the first trial.

While Sears did state baldly that the agreement had been rescinded, the undisputed facts before us indicate that the attempted rescission was never consummated.

There was an unpaid balance of $336 on the debt secured by the chattel mortgage. That document was delivered to Sears who signed a written agreement to either pay plaintiff $336 or to deliver the airplane to him after the execution sale. Plaintiff gave Sears the following written instrument:

"Bakersfield, Calif., Nov. 10, 1932.

"Received from Herbert P. Sears the sum of Three Hundred Thirty Six ($336.00) dollars in payment of third party claims filed in the Herbert P. Sears vs. Frank Don Carlos matter same being amount due me on the mortgage which I hold on the Nicholas-Beazley Airplane as described in the mortgage.

"Signed ED KUEHN."

This receipt was filed with the justice of the peace. Therefore, it appeared from the record in that court that at the time the execution was issued, and also at the time of the execution sale, Sears, the judgment creditor, had paid Kuehn, the mortgagee, the full unpaid balance of the debt secured by the mortgage.

The $336 was taxed as accruing costs in the Sears action against Don Carlos. Sears now has judgment against Don Carlos for that amount, plus the amount of his original bill and costs, less the net amount received for the airplane at the execution sale. Neither Sears nor plaintiff made any effort to correct that judgment, if it be erroneous. Under these circumstances the most that can be said of Sears' testimony concerning rescission is that it conflicted with the documentary evidence which the trial judge accepted as true. As the contract for rescission was never executed it amounted to nothing more than an agreement for future rescission. This is not sufficient to remove the instant case from the operation of the rule of the law of the case.

█ Plaintiff points to an error of law occurring during the second trial which he urges was sufficiently prejudicial to require a reversal of the judgment.

Defendants offered in evidence the reporter's transcript of the previous trial. The objections of plaintiff to this evidence were overruled and the transcript was received. It is clear that this ruling was error. Several of the witnesses

whose testimony at the first trial was contained in this transcript were present in court and had testified in the instant case. There was no showing that the other witnesses who testified at the first trial were either dead or were not subject to subpoena. This transcript was not identified and no foundation was laid for its admission in evidence. The court reporter was not called to prove its correctness, even if it be assumed that as a whole it was competent for any purpose. As far as the record here shows it was merely an uncertified transcription of what purported to be all of the proceedings at the first trial. The objections of plaintiff to its admission should have been sustained.

The question of the prejudicial character of this erroneous ruling is still to be decided. We have examined the entire record and can find nothing material in the reporter's transcript that was not established at the second trial by competent evidence there introduced. This being the case the error of admitting the reporter's transcript of the first trial in evidence at the second trial was not prejudicial and can furnish no ground for a reversal of the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.