

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Civil Courts Building
Houston, Texas

ATTN: Conrad J. Landram

Opinion No. O-4455

Re: Is the date of election excluded
in computing the three day period
for absentee voting?

Dear Sir:

We have carefully considered your opinion request of recent date relative to the construction to be placed on Subdivisions 3 and 4 of Article 2956, Revised Civil Statutes, 1925, as amended, with reference to the computation of the period of time within which absentee voting is to be permitted. You refer especially to the opinion of the Austin Court of Civil Appeals in the case of Clark v. Stubbs, 131 S.W.2d 663, wherein it appears that absentee votes cast on a Sunday before an election held on Tuesday were held not illegal.

Subdivision 3 of Article 2956 permits absentee voting by personal appearance before the county clerk of the voter's residence "at any time not more than twenty (20) days, nor less than three (3) days, prior to the date of such an election . . ." Subdivision 4 of such statute uses the identical language just quoted, but permits absentee voting by mail within the time prescribed.

The language of Clark v. Stuffs, supra, to which you doubtless refer, reads as follows:

"The next group of voters challenged by appellant are Herman Young, Julia Mae Stubbs and Nolan Lathan, all of whom voted absentee votes on Sunday before the election on Tuesday. Appellant attacks these votes as being in violation of the spirit of the statutes which prohibit the doing of certain acts on Sunday. Art. 286, Texas Penal Code; Art. 1974, R. S. 1925. These statutes do not relate to voting, and since the election law authorizes the absentee voting for a period of from 20 to 3 days before the election, Sunday would necessarily be included where the election is held on the first Tuesday in November as required by law; and we find no statute prohibiting the voting of absentee votes on Sunday."

It has been the view of this administration of the Attorney General's office that the last day application may be made and ballot cast by one unable to participate by personal appearance on the day of the election, is the third day prior to the date of the election. In our opinion No. 0-2298 it is said:

"If the election is to be held on a Saturday, Tuesday midnight is the deadline."

We do not think the quoted excerpt from Clark v. Stubbs changes the construction to be placed on the statutory declaration. In that case the sole attack made upon the votes cast by the named persons was because the ballots were marked on a Sunday. We do not recognize the case as holding that such votes would have been declared legal had the assignment been that they were voted less than three days prior to the day of the election.

In the California case of Hutchins v. County Clerk of Merced County, 140 Cal. App. 348, 35 P.2d 563, it is said:

". . . Now, there is a difference in law between the meaning of the words 'within' and 'prior'. If you have to do a thing before a certain day, that day is not included; in other words, if you have to do a certain thing before the 24th day of June, the 24th of June is not included, because it must be before. . . ."

We therefore advise that in our opinion your question should be answered in the affirmative; that absentee ballots must be marked by the voter by Tuesday midnight for an election to be held on a Saturday; by Friday midnight for an election to be held on a Tuesday.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BW:GO:tiw

By  /s/ Benjamin Woodall
   Benjamin Woodall
APPROVED MAY 13, 1942     Assistant
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By /s/ BWB, Chairman