## MURCHISON v. DARDEN et al.

No. 2342.

Court of Civil Appeals of Texas. Eastland.

March 26, 1943.

Rehearing Denied April 16, 1943.

H. G. Andrews and Hubert L. Watson, both of Stamford, for appellant.

Tom Davis and W. P. Ratliff, both of Haskell, for appellees.

LESLIE, Chief Justice.

This case involves the contest of a school election held to determine whether or not a majority of the legally qualified voters of the Douglass Common School District desired such district to be consolidated with the Mattson Rural High School District for school purposes. Both districts are situated in Haskell County, and the election was held on February 23, 1942. The Commissioners Court canvassed the returns and declared 22 votes "For Consolidation" and 19 votes "Against Consolidation", and entered a consolidation order.

This suit was instituted by Richard Darden and Kirby Kirkpatrick, contestants (resisting consolidation), against Walter Murchison, Jr., in his capacity as County Attorney, contestee (upholding consolidation), and the grounds of the contest relied upon by contestants in the trial of the case involve the validity and legality of 11 votes alleged to have been cast "For Consolidation". The contestee replied by spe-cial exceptions, general denial and specifically challenged the votes of 6 persons alleged to have voted "Against Consolidation".

The trial was before the court without a jury, and at the conclusion the court entered its judgment holding that 3 votes cast "For Consolidation" were improperly cast, and that 7 persons who voted "For Consolidation" were illegal voters. That 4 votes cast "Against Consolidation" were illegal votes. On the whole, the trial court concluded that 12 legal ballots were cast "For Consolidation" and 15 cast "Against Consolidation", and ordered that judgment be rendered for contestants (against consolidation).

The contestee, or appellant, presents five points of error. By the first he insists that the absentee ballots of Jack Chapman, Willard Mercer and William Mercer were legally cast and should not have been excluded by the trial court from the total number of votes cast "For Consolidation."

The three named voters attempted to vote absentee on Friday, February 20, 1942, before the election day, February 23d. A ballot so cast was not in compliance with the law governing absentee voting, since the statute (Art. 2956, Sub-Sec. 3, R. S. 1925, Vernon's Ann.Civ.St. art. 2956, subd. 3) requires the casting of absentee ballots "At any time not more than twenty (20) days nor less than three (3) days, prior to the date of such an election," etc. Obviously such ballot must be cast not "less than three (3) days, prior to the date of such an election". This statute is plain, not open to construction, and the three votes were not cast three full days before the election. If a certain thing has to be done "before [or prior to] a certain day, that day is not included." Hutchins v. County Clerk of Merced County et al., 140 Cal.App. 348, 35 P.2d 563, 564; 62 C.J. page 985, Sec. 33.

Gerald C. Mann, Atttorney General of Texas, in a recent opinion to the District Attorney of Harris County, cited said California case as authority for holding that absentee ballots must be marked by the voter by Tuesday midnight for an election to be held on Saturday following; and by Friday for an election on following Tuesday.

The votes of Roy Elliott and Alex Wright were challenged on the ground that they were not legal residents of Haskell

County. The court sustained this contention and excluded the votes. The evidence, tested by such authorities as Huff v. Duffield, Tex.Civ.App., 251 S.W. 298, McCharen v. Mead, Tex.Civ.App., 275 S.W. 117, and thoses cited in 16 Tex.Jur. page 48, Sec. 39, fully warrants the trial court's conclusion with reference to these votes. These authorities deal with the question of legal residence, not only from the standpoint of facts and circumstances, but also the element of intention, which is always material along with such facts.

■ The votes of A. C. Bowers and Mrs. A. C. Bowers were challenged on the ground that they were not legal residents of the Douglass District when they voted. The trial court sustained the challenge "on the ground that they were merely living temporarily in the Douglass District at the time of the election." Since the evidence supports that conclusion, this court is without authority to disturb the holding.

■ The trial court found that Harve Salem did not actually pay for and receive his poll tax receipt until some time in February after the same should have been paid, and that he was therefore, not a qualified voter at said election. Under the testimony there is no error in that ruling. Concerning the payment of a poll tax, Art. 2959, R.S. 1925, Vernon's Ann.Civ.St. art. 2959, provides: "It shall be paid at any time between the first day of October and the first day of February following * * *." The actual payment of the money for a poll tax after January 31st is not a payment in law and does not entitle the holder thereof to a vote under it. Davis, Tax Collector, v. Riley et al., Tex.Civ.App., 154 S.W. 314; Parker v. Busby, Tex.Civ.App., 170 S.W. 1042. In the absence of special exceptions to contestant's pleadings, the issue of illegality of Salem's vote was sufficiently raised.

■ The law is plain and must be followed. If on January 31st Salem, at the picture show "in the town of Haskell, not in the office of the tax collector," requested the deputy tax collector to prepare a poll tax receipt for him and it "was several days into the month of February, 1942, before Salem appeared and actually paid for his tax receipt" and received same, then he did not comply in any measure with the law requiring payment of that tax within the specified time.

The votes of Mr. and Mrs. Kirkpatrick were challenged on the ground they were not legal residents of the Douglass District and should not have been included by the trial court in the votes cast "Against Consolidation". The trial court found the Kirkpatricks to be legal residents of that District, and included their votes in the total number cast "Against Consolidation".

The testimony with respect to these two votes has been considered, and here again we have facts and intention bearing upon the question of residence. The trial court heard and weighed the same, reaching the conclusion that they were legal and should be included with the votes cast "Against Consolidation". Undoubtedly that ruling is supported by substantial testimony.

The contestants challenged other votes, namely, J. D. Ennis and wife, Mrs. J. D. Ennis, and Glenn Edwards. The challenge to the Ennis votes was sustained on the ground that they did not move to Haskell County until some time "between the 15th and 25th day of October and had not resided in Haskell County for the 6 months required by law." As to Glenn Edwards, the court concluded from the testimony that the challenge to his vote should be overruled. No point is made in the briefs involving the court's ruling with reference to the three last-named voters.

As to C. S. Gay and Mrs. C. S. Gay, voting "Against Consolidation", the trial court held they were not entitled to vote and counsel for respective litigants agree the challenge to their votes was properly sustained. The trial court held as to Claude Gordon and Mrs. Claude Gordon, that they did not live in the Douglass School District on February 23, 1942, and that the challenge to their votes should be sustained. These two rulings are not questioned.

■ On all the fact issues of residence of respective voters herein, the evidence would have supported a finding either way. The trial judge's findings in contest of election for consolidation of school districts are conclusive on appeal where supported by evidence, since credibility of witnesses and weight of their testimony is for trial judge sitting without jury. Pippin v. Holland, County Attorney, Tex.Civ.App., 146 S.W.2d 266.

As stated, the trial court concluded that of the 22 votes cast "For Consolidation", 10 should be rejected, and that of the 19 votes "Against Consolidation", 4 should be rejected. Hence, the election resulted in 12 legal votes "For Consolidation" and 15 legal

votes "Against Consolidation". Obviously, if the challenge to the first three votes discussed had been overruled, the election result would not have been different. Pippin v. Holland, County Attorney, supra.

A careful consideration of the testimony convinces us that the trial court reached the correct conclusion. The judgment is affirmed.