[Crim. No. 5879.   In Bank.   Dec. 11, 1956.]

THE PEOPLE, Respondent, v. ED FARMER, Appellant.

Robert R. Elledge and Muir Wooley for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Defendant was convicted of having violated section 538 of the Penal Code by selling mortgaged cows without giving the mortgagee a prior notice in writing.* He appeals from the judgment entered upon the jury's verdict and from an order denying a motion for a new trial.

Defendant was in the dairy business, and the number of cows in his herd varied from time to time as he bought and sold in an attempt to dispose of dry cows and obtain productive ones. In 1953 defendant executed a promissory note for $3,300 payable to the Acme Investment Company and, as security for the note, signed a chattel mortgage covering 30 branded cows and all "replacements" for such cows. Without giving prior *written* notice to Acme, defendant, on April 30, 1954, sold 27 of the 30 mortgaged cows. In June or July he informed the manager of Acme that he had sold the cows for $3,531 but that the check which he had received as payment had proved to be worthless. In August defendant was granted a further loan of $300 "on the strength" of the existing mortgage. He continued to make payments on the note until October when he discontinued his dairy operations.

The trial court refused defendant's offer to prove that prior to the April sale a field agent of Acme had consented to the sale and that the agent had advised the manager of Acme that he had done so. The trial court also refused an offer of proof by defendant that prior to the April sale he had arranged to purchase other cows as replacements in order to increase the milk production of his herd. It appears,

---

*Section 538 of the Penal Code provides: "Every person, who, after mortgaging any of the property, permitted to be mortgaged by the provisions of section two thousand nine hundred fifty-five of the Civil Code, excepting locomotives, engines, rolling stock of a railroad, steamboat machinery in actual use, and vessels, during the existence of such mortgage, with intent to defraud the mortgagee, his representative or assigns, takes, drives, carries away, or otherwise removes or permits the taking, driving, or carrying away, or other removal of the mortgaged property, or any part thereof, from the county where it was situate when mortgaged, without the written consent of the mortgagee, or who sells, transfers, slaughters, destroys or in any manner further encumbers the said mortgaged property, or any part thereof, or causes the same to be sold, transferred, slaughtered, destroyed, or further encumbered, is guilty of larceny, and is punishable accordingly; unless in case of a sale, transfer or further encumbrance at or before the time of making such sale, transfer or encumbrance, such mortgagor informs the person to whom such sale, transfer or encumbrance is made, of the existence of the prior mortgage, and also informs the prior mortgagee of the intended sale, transfer or encumbrance, in writing, by giving the name and place of residence of the party to whom the sale, transfer or encumbrance is to be made."

however, from evidence which was received without objection, that the field agent told defendant before the sale it was all right for him to sell the cows.

The jury was instructed: "If you find that it has been established beyond a reasonable doubt as a fact that the defendant sold or transferred cows mortgaged to the Acme Investment Company without having informed the Acme Investment Company of the intended sale or transfer by a notice in writing, giving the Acme Investment Company the name and place of residence of the party or parties to whom the sale or transfer was being made, then the defendants are guilty of the crime with which they are charged."

The trial court refused to give an instruction requested by defendant to the effect that oral consent to the sale of the cattle constituted a defense to the charge.

In support of its position that the quoted instruction correctly states the applicable law and that the intent with which the act was done is not an essential element of the offense, the prosecution relies on *People* v. *Phillips,* 27 Cal.App. 409 [150 P. 75], and *People* v. *Phillips,* 30 Cal.App. 31 [157 P. 1003, 1005]. The opinion in the first of the Phillips cases contains the following statement: "That part of section 538 under which defendant is charged with the commission of the offense does not make the *intent* with which the act is done an element of the offense." (27 Cal.App. at p. 412.) The judgment was reversed by the District Court of Appeal for reasons not material here; on retrial defendant was again convicted, and he again appealed. In the second Phillips case the District Court of Appeal approved an instruction which stated that "when the intent is not made an affirmative element of a crime the law [imputes] that the act knowingly done was [with] criminal intent, and it need not be alleged or proven," and it was held that "the giving of mere permission to sell does not work a waiver of the right to have notice of the sale furnished. . . ." (30 Cal.App. at p. 34.) In denying a petition for hearing this court said, ". . . we do not wish to be understood as holding that if permission to sell was given by the mortgagee, it would not operate as a complete waiver of the requirement of the statute that notice of the sale shall be given to the mortgagee. We express no opinion upon that question. The complaint that error was committed in the giving of an instruction bearing on this question was sufficiently answered by what is said in the opinion of the District

Court of Appeal that 'the information contained a two-fold charge, to wit, not only that there was a failure to give notice to the mortgagee, but also a failure to give notice to the purchaser of the animals sold.' " (30 Cal.App. at p. 35.)

█ The statements of the District Court of Appeal in the two Phillips cases are disapproved. Although the requirement in section 538 that there be an "intent to defraud the mortgagee" applies to the *removal* of mortgaged property and does not appear to be made specifically applicable to a *sale* of mortgaged property, we are of the view that an intent to defraud is an essential element of the crime charged here.

█ Section 538 designates the offense as "larceny," and it has long been the rule in this state that, in order to establish the crime of larceny, a felonious intent to steal must be proved. (See *People* v. *Raschke,* 73 Cal. 378 [15 P. 13]; 15 Cal.Jur. 906.)

In *Reno* v. *A. L. Boyden Co.,* 115 Cal.App. 697, 701-702 [2 P.2d 214], it was stated that the purpose of section 538 of the Penal Code is to protect not only the purchaser of mortgaged property by giving him notice of the existence of the mortgage but also the mortgagee by giving him the name and address of the intended purchaser so that he can trace his property. The court held, however, that where the property is sold with the consent of the mortgagee there is no reason for such a requirement since the mortgagee waives his lien and the buyer is protected by the sale. In *Kuehn* v. *Don Carlos,* 5 Cal.App.2d 25, 27-28 [41 P.2d 585], it was said: "A chattel mortgagee may waive his mortgage lien or be estopped to enforce it by conduct inconsistent with its existence. (11 C.J., p. 674; 5 Cal.Jur., p. 88.) Thus, consent to sell under certain circumstances may constitute a waiver. (5 R.C.L., p. 458.) A sale authorized by the mortgagee upon condition that the proceeds be deposited to his account operates to extinguish the mortgage lien. (*Maier* v. *Freeman,* 112 Cal. 8 [44 P. 357, 53 Am.St.Rep. 151].)"

█ We are satisfied that the intent with which the act is done is an essential element of the offense charged and that where the mortgagee consents to the sale it would be unreasonable to construe the statute as making it a crime for the mortgagor to fail to give prior written notice of the intent to sell.

The judgment and order denying a new trial are reversed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.