LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Dabney B. Lee

v.

Virginia Education Association, Inc.

March 19, 1969

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the decree entered today which sustains the defendant's motion to dismiss and which denies the Petition for Injunction and dismisses the Bill of Complaint.

The defendant's motion raises this issue: Was the name of the petitioner "forwarded to the executive secretary [of the defendant] prior to January 10," 1969, pursuant to the provisions of Article II (2)(c) of the bylaws of the corporation? This question must be answered in the negative.

The Court will assume but not decide that the petitioner was properly nominated by the local associations in the City of Petersburg and Cumberland County and also it will assume without deciding that the report of such local nomination may be conveyed by word of mouth to the executive secretary and not in writing (as was the case of the Petersburg nomination).

The petitioner's evidence showed that on Friday, January 10, 1969, at a few minutes before 5:00 p.m. he and the witness Halsey reached the office of the defendant's executive secretary in Richmond. Halsey told the executive secretary that the petitioner

had been properly nominated for the office of treasurer of the defendant corporation by the Petersburg association. The petitioner handed the executive secretary two letters dated January 10, 1969, certifying the petitioner's nomination for the office made by the Cumberland Association. Both of these men drove to Richmond on that day. The evidence failed to show that this information had been transmitted by any means of communication at any time before January 10.

Corporate bylaws when not in contravention of any statute have all of the force of contracts as between the corporation and its members and as between the members themselves. When duly enacted, all members of the corporation are bound by them and the members are presumed to know them. The Courts will construe them according to the general rules governing the construction of contracts. 18 Am. Jur. 2d, Corporations, Section 168. Generally, words and phrases in a contract which are free from ambiguity are to be construed according to their plain and ordinary meaning. 4 M.J., Contracts, Section 50.

In this suit the words "forwarded" and "prior to January 10," as they relate to the narrow issue before the Court are unambiguous. "To forward" means "to send forward; to send toward the place of destination; to transmit." Black's Law Dictionary, (Third Edition) p. 808; Websters New International Dictionary (Second Edition), Unabridged; 17 Words and Phrases 654.

"Prior to" means "before; preceding in the order of time; previous; antecedent in time." Websters New International Dictionary (Second Edition) Unabridged; Hutchins v. County Clerk, 35 P.2d 563, 564 (Cal. App. 1934). See also Berkow v. Hammer, 189 Va. 489 (1949), which construes "within" used in conjunction with the words "prior to."

In this suit no action was taken to send these nominations toward the place of destination, i.e., the office of the executive secretary, until January 10 and that was too late. The action of transmitting the information should have begun "before" the first

second of January 10. To state it a bit differently and to paraphrase a part of the opinion of <u>Hutchins</u>, if you have to do a certain thing "prior to" January 10, the tenth of January is not included because it must be done antecedent in time to that day.

In view of what has been said above, the petitioner has failed to establish that the defendant's executive secretary erred in refusing to accept the purported nominations of the petitioner, therefore he is not entitled to the injunctive relief sought and the Bill is dismissed.