Jones 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-006-CV





JOHN NEAL JONES AND ELSIE LEE JONES,



 APPELLANTS


vs.





GUADALUPE VALLEY TELEPHONE COOPERATIVE, INC.,




 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 91-CV-199, HONORABLE FRED CLARK, JUDGE PRESIDING



 





PER CURIAM



 John Neal Jones and Elsie Lee Jones appeal from a judgment of condemnation in
favor of Guadalupe Valley Telephone Cooperative, Inc. (Guadalupe Valley). Appellants bring
three points of error: (1) the trial court erred in not granting their plea to the jurisdiction because
Guadalupe Valley did not give proper notice of hearing; (2) the trial court's judgment is void for
lack of jurisdiction; and (3) the trial court erred in overruling appellants' motion for instructed
verdict because Guadalupe Valley did not prove it had the right to condemn the property. We will
sustain appellants' first two points of error and reverse the judgment.

 Guadalupe Valley sought to condemn an easement for a fiber-optic cable. 
Guadalupe Valley filed its original petition for condemnation on June 6, 1991; its first amended
petition on June 10, 1991; and its second amended petition on June 11, 1991. (1) The notice of
hearing before the special commissioners was served on June 11, 1991. The hearing was set for
9:00 a.m. on June 21, 1991. Appellants did not attend the June 21 hearing before the special
commissioners but did appeal their decision to the county court at law subject to a plea to the
jurisdiction. The county court awarded appellants a total of $1500 in compensation for the
easement and land damages. From this judgment, they have appealed to this Court.



Timeliness of Notice


 In their first point of error, appellants contend that notice of the hearing was late
under the Property Code provisions dealing with eminent domain: "Notice of the hearing must
be served on a party not later than the 11th day before the day set for the hearing." Tex. Prop.
Code Ann. § 21.016(b)(West 1984)(section 21.016(b)). Appellants interpret the statute as
meaning that both the day of service and the day of the hearing must be excluded to provide a
notice period consisting of ten full intervening days between the day of notice and the day of the
hearing. Guadalupe Valley contends that the notice period consists of ten days, excluding the day
of service but including the day of hearing. 

 Because the current version of the statute is contained in a non-substantive
codification Guadalupe Valley correctly argues that we may look to the previous version of the
statute for assistance in interpretation. See Tex. Gov't Code Ann. § 323.007 (West 1989); Minton
v. Perez, 783 S.W.2d 803, 805 (Tex. App.--San Antonio 1990, orig. proceeding), mand. dism'd
as moot, 841 S.W.2d 854, 855 (Tex. 1992) (recodification may not make substantive change in
statute). The earlier statute read: "Notice must be served ten (10) days before the date of the
hearing, exclusive of the date of service." Act of April 21, 1961, 57th Leg., R.S., ch. 105, § 1,
1961 Tex. Gen. Laws, 203-04 (former art. 3424, since repealed and codified)(article 3424). We
begin our analysis with the word "before," common to article 3424 and section 21.016(b).

 The use of the word "before" in the statute weighs in favor of excluding the day
of the hearing from the time computation. The word "before" is not defined in the statute and
therefore is given its ordinary meaning. Among the common dictionary meanings for "before"
are: preceding (something or someone in a chronological series), earlier than, earlier, sooner,
earlier than the time when, sooner than. Webster's Third New International Dictionary 197 (Philip
B. Gove ed., 1961). "Before the day of the hearing" implies a day other than that of the hearing. 
The language that a certain thing is to be done before a certain day has been interpreted to mean
that the designated day is not included. See Murchison v. Darden, 171 S.W.2d 220, 221 (Tex.
Civ. App.--Eastland 1943, writ dism'd w.o.j.). Under article 3424, we conclude that the "before"
language excludes the day of the hearing from the notice period.

 The current statute, section 21.016(b), reads: "Notice of the hearing must be
served on a party not later than the 11th day before the day set for the hearing." Tex. Prop. Code
Ann. § 21.016(b)(West 1984). The language in section 21.016(b) no longer excludes the day of
service but now requires that notice be given "not later than the 11th eleventh day," before the
hearing. This provides the same notice period as the previous language requiring ten days' notice
excluding the day of service. The "before" language has not changed. For the reasons discussed
above, we interpret section 21.016(b) to exclude the day of the hearing.

 The change in statutory language has the effect of keeping the same notice period
while bringing the statute into harmony with other notice provisions that exclude one but not both
terminal days from the notice period. (2) See Lewis v. Blake, 876 S.W.2d 314, 315-16 (Tex. 1994)
(Rule 4 governs computation of notice for filing a motion for summary judgment; exclude only
day of service from time computation); L.W. Parker v. Frost Nat'l Bank, 852 S.W.2d 741, 743
(Tex. App.-Austin 1993, writ dism'd by agr.) (exclude day of sale in foreclosure proceeding, but
not both day of posting and day of sale).

 Because there are no cases on point, Guadalupe Valley relies on cases interpreting
Texas Rule of Civil Procedure 4 to support a contrary interpretation of section 21.016(b). Rule
4 provides a general method of computing time periods, which by its own terms applies to other
rules of civil procedure. Lewis, 876 S.W.2d at 316. Such is not our case. We note that the Rule
4 analogy has not always been applied to notice periods under statutes other than the rules of
procedure. See Parker, 852 S.W.2d at 743. In Parker, the court agreed with the parties that
under the statute governing posting notice of a foreclosure sale, the day of sale, the last day of the
period, was excluded. 852 S.W.2d at 743. The statute required that notice must be given at least
twenty one days before the date of the sale. Tex. Prop. Code Ann. § 51.002(b) (West Supp.
1994).



Waiver of Notice


 Guadalupe Valley contends that appellants have waived any problems with notice. 
The cases relied on by Guadalupe Valley, however, are not on point as they deal with
irregularities in the condemnation hearing, not whether jurisdiction attached. Notice to the
landowner is jurisdictional. City of Houston v. Kunze, 262 S.W.2d 947, 951 (Tex. 1953). 
Inasmuch as jurisdiction never attached to the proceeding before the special commissioners, we
sustain appellants' points of error one and two. 

 In view of our holding that notice was not timely, and therefore jurisdiction never
attached to the condemnation proceeding, we need not address the point of error attacking
Guadalupe Valley's authority to condemn and whether this point was properly preserved.

 We reverse the trial court's judgment and render judgment that the condemnation
proceeding was void for want of jurisdiction.


Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered

Filed: December 7, 1994

Do Not Publish
1. [1] The amendments were made to correct the property description.
2. [2] See generally, J.A. Bock, "Inclusion or Exclusion of First and Last Days in Computing the
Time for Performance of an Act or Event Which Must Take Place a Certain Number of Days
Before a Known Future Date," 98 ALR2d 1331-1437 (1964); 98-100 ALR 2d Later Case Serv.
134-41 (1994). When computing the time for performance of an act or event that must take place
a certain number of days before a known future date, the general rule is to exclude either the first
or last day, but not both. In the past, Texas courts generally followed a contrary rule and
excluded both terminal days. 98 ALR2d at 1354-1357.